IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ORVIL DUANE HASSEBROCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-CV- 679-WDS |
| ) | |
| ROBERT G. BERNHOFT, ) | |
| THE BERNHOFT LAW FIRM, S.C., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**STIEHL, District Judge:**

Before the Court is plaintiff Orvil Duane Hassebrock's motion for default judgment against defendants Robert G. Bernhoft and the Bernoft Law Firm, S.C. (Doc. 7). Defendants have responded (Doc. 11), and plaintiff has replied (Doc. 15). Also before the Court is defendants' motion to dismiss for failure to serve them with a summons (Doc. 10). Plaintiff responds and moves for additional time to properly serve defendants (Docs. 15 & 16), which defendants oppose (Doc. 17).

BACKGROUND

Plaintiff retained defendants in August 2005 to file his delinquent taxes with the IRS. Bernhoft evidently is (or was) a tax protester, and the U.S. Attorney General once sued to enjoin him from participating in the "De-Taxing America Program" and from inciting others to violate the tax laws. *See United States v. Raymond*, 228 F.3d 804, 808 (7th Cir. 2000). Plaintiff terminated defendants in December 2008. He alleges they never filed his taxes, and he was ultimately convicted by a jury of tax evasion and failure to file a tax return. Both

convictions were recently upheld on appeal. *See United States v. Hassebrock*, 663 F.3d 906, 910 (7th Cir. 2011).

Plaintiff filed his complaint pro se on September 2, 2010, alleging fraud, legal malpractice, and violations of the Racketeer Influenced and Corrupt Organizations Act, 28 U.S.C. § 1964(a) (Doc. 1). He also wants to report alleged crimes defendants committed against him to a grand jury.

After the complaint was filed, however, nothing happened in this case until the Court issued a notice of impending dismissal for want of prosecution, because it appeared that plaintiff had not yet served defendants (Doc. 2). Plaintiff responded soon after with the server's affidavit (Doc. 3, Ex. 1). The affidavit says only a copy of the complaint and "Exhibit A" were served. After this, however, again the case did not proceed, so the Court issued an order to show cause directing plaintiff to file a motion for entry of default in accordance with Local Rule 55.1 (Doc. 4). Plaintiff filed the motion, and the Clerk entered default against defendants (Doc. 6).

Plaintiff then submitted the motion for default judgment now pending (Doc. 7). He certifies that he sent notice of the Clerk's entry of default by mail to defendants at their last-known address, and he provides the return receipt of the mail. Defendants respond that plaintiff's motion for default judgment is premature because he did not send them the notice of the Clerk's entry of default, as required by the Court's local rules. *See* SDIL-LR 55.1(a).

Defendants also moved to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process for failure to serve a summons with the complaint. Defendants submit an affidavit from attorney Daniel J. Treuden stating that plaintiff did not serve them with a summons. In the alternative, they move to dismiss under Rules 4(k) and 4(m) because

the 120-day period for service has expired. The complaint was filed on September 2, 2010 (Doc. 1), and service was due by January 3, 2011.[1]

## ANALYSIS

The Court will first address defendants' motion to dismiss, since it resolves the motion for default judgment. The burden is on the plaintiff to demonstrate that the district court has jurisdiction over each defendant through effective service. *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). "If a defendant is not served within 120 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows *good cause* for the failure, the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added); *accord Cardenas*, 646 F.3d at 1006; *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008); *United States v. McGlaughlin*, 470 F.3d 698, 700 (7th Cir. 2006). Absent good cause, whether to dismiss or extend the period for service is "inherently discretionary." *Cardenas*, 646 F.3d at 1005; *accord Ligas*, 549 F.3d at 501; *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). In making that determination, courts should consider the relative hardships of the parties. *Cardenas*, 646 F.3d at 1006.

First, plaintiff does not meet his burden of demonstrating that this Court has jurisdiction over defendants through effective service. Plaintiff believes he provided the summons with the complaint, but admits he cannot say that "with reasonable assurance." At the time he served defendants, he was trying to get his affairs in order before reporting to prison. He also lost his son shortly after his criminal conviction. Defendants submit an

---

[1] This includes a holiday and weekend. *See* Fed. R. Civ. P. 6(a)(1)(C).

affidavit stating that plaintiff did not serve them with a summons. In addition, the server's affidavit says that only copies of the complaint and Exhibit A were served on defendants, not a summons. Therefore, even though plaintiff believes he served the summons, the Court **FINDS** he did not.

In light of the failure to serve a summons, the Court can briefly dispose of plaintiff's motion for default judgment. A summons must be served with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). And "valid service of process is necessary in order to assert personal jurisdiction over a defendant." *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991); *accord* Fed. R. Civ. P. 4(k)(1); *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). Moreover, a judgment rendered without jurisdiction over the person could be attacked at any time for lack of jurisdiction. *Homer v. Jones-Bey*, 415 F.3d 748, 752 (7th Cir. 2005). Consequently, the Court cannot enter a valid judgment here. Plaintiff has not established personal jurisdiction over defendants. The motion for default judgment is therefore **DENIED**, and the Clerk's entry of default is **SET ASIDE**.

Returning to the motion to dismiss, the Court notes that plaintiff does not argue that good cause exists for his failure to serve defendants. The above facts about having to report to prison are written beneath a heading that says "Good Cause," but plaintiff does not expressly say whether those facts constitute good cause under Rule 4(m). Defendants respond that plaintiff has not shown good cause and, therefore, that this case must be dismissed without prejudice. In pressing for dismissal, they rely on *Geiger v. Allen*, 850 F.2d 330, 331 (7th Cir. 1988). Yet Rule 4 has been amended since *Geiger*, giving courts discretion whether to dismiss or allow an extension of time, even without a showing of good cause. *Henderson v. United States*, 517 U.S. 654, 663 (1996); *Cooper v. Harris*, Nos. 98 C 1623 & 98 C 1624, 1999 WL

89654, at *2 n.4 (N.D. Ill. Feb. 12, 1999). The Court discussed this discretion above. *See Cardenas*, 646 F.3d at 1005.

The Court does, however, agree with defendants that good cause has not been shown. "Good cause means a valid reason for the delay, such as the defendant's evading service." *Coleman*, 290 F.3d at 934. It does not include inadvertence or "half-hearted efforts," *Geiger*, 850 F.2d at 333, which is not to say inadvertence cannot play some part, *Floyd v. United States*, 900 F.2d 1045, 1047 (7th Cir. 1990) (An attorney's inadvertence combined with "substantial extenuating factors such as sudden illness or natural disaster" could constitute good cause.). In light of plaintiff's pro se status, his looming prison date, and the tragedy involving his son, it would seem that mere inadvertence was the primary cause here. Pro se status does not excuse plaintiff from following the rules of procedure. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). And, though reporting to prison must cause considerable anxiety, it is ironic to suggest it is good cause. Therefore, the only legitimate reason here is the death of plaintiff's son. Yet the Court does not find this constitutes good cause such that the Court *must* allow additional time under Rule 4(m), which already allows 120 days.

So, the question remains whether the Court, in its discretion, should dismiss the case without prejudice or order that service be made within a specified time. Somewhat to the Court's disappointment, neither party discusses the relative hardships of the parties here. Rule 4(m) itself does not specify any factors to evaluate the relative hardships, but courts in this circuit have considered whether:

> (1) a new suit would be barred by statute of limitations,
> (2) the defendant will be prejudiced by the delay in service,
> (3) the defendant had actual notice of a lawsuit within a short
> time after the attempted service,

> (4) the defendant evaded service,
> (5) the defendant was eventually served,
> (6) the plaintiff ever requested an extension of time due to difficulties perfecting service, and
> (7) the plaintiff diligently pursued service.

*Cardenas*, 646 F.3d at 1006–07 (citing *Coleman*, 290 F.3d at 934; *McGlaughlin*, 470 F.3d at 701; *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

The most important factors seem to be whether a new suit would be barred by statute of limitations, *see Cardenas*, 646 F.3d at 1007 ("a critical factor"), and whether the defendants will be prejudiced by the delay in service. Dismissal after a statute of limitations has expired is effectively dismissal with prejudice. *Id.* at 1008. Plaintiff here alleges fraud, legal malpractice, and violations of the Racketeer Influenced and Corrupt Organizations Act, 28 U.S.C. § 1964(a). The statute of limitations for fraud in Illinois is five years. 735 ILCS 5/13-205; *Rozny v. Marnul*, 250 N.E.2d 656, 664 (Ill. 1969). Plaintiff hired Bernhoft in August 2005 and fired him in December 2008, so the cause of action for fraud could have accrued anytime between the hiring and firing. If it accrued in 2006, the statute of limitations would have expired in 2011—while this action was pending. That claim would be barred. The statute of limitations for legal malpractice in Illinois is even shorter (two years). 735 ILCS 5/13-214.3(b); *Preferred Personnel Servs., Inc. v. Meltzer, Purtill and Stelle, LLC*, 902 N.E.2d 146, 152 (Ill. App. Ct. 2009). Consequently, it is possible that one or more claims will be barred if this action is dismissed now. This factor weighs slightly in favor of granting plaintiff an extension of time.

Granting an extension will not likely prejudice defendants because they actually received the complaint and knew the claims being made against them. Defendants point out that service has not been made nearly ten months after the complaint was filed. But they could

6

have moved to dismiss, or notified plaintiff about the missing summons, at any time. They chose not to. Any prejudice caused by a delay in service is at least partly due to their own inaction. Moreover, they had actual notice of this lawsuit within a short time after the attempted service. This is not a case of service on the wrong party. They knew the nature of the causes of action and knew (from the caption on the complaint) that the action was pending in this Court. The prejudice and notice factors therefore favor granting plaintiff an extension of time. The remaining factors do not seem relevant to the facts here.

## CONCLUSION

The Court **FINDS** that plaintiff should be permitted additional time. Plaintiff's motion for additional time to properly serve defendants (Docs. 15 & 16) is therefore **GRANTED**. Plaintiff has **21 DAYS** to properly serve defendants. Defendants will have the usual 21 days after that to serve their answer or file a motion. Fed. R. Civ. P. 12(a)(1), (b). Plaintiff's motion for default judgment (Doc. 7) is **DENIED** and the Clerk's entry of default (Doc. 6) is **SET ASIDE**. Defendants' motion to dismiss for failure to effect service (Doc. 10) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED:  February 6, 2012

                                                  /s/  WILLIAM D. STIEHL
                                                    **DISTRICT JUDGE**