IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ORVIL DUANE HASSEBROCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-CV-00679-WDS |
| | ) | |
| ROBERT G. BERNHOFT and | ) | |
| THE BERNHOFT LAW FIRM, S.C., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

In this action, plaintiff Orvil Duane Hassebrock brings claims of fraud, legal malpractice, and violations of the Racketeer Influenced and Corrupt Organizations Act against defendants Robert G. Bernhoft and the Bernhoft Law Firm, S.C., arising primarily from defendants' handling of plaintiff's back income taxes. Now before the Court is defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 22), plaintiff's response (Doc. 24), and defendants' reply (Doc. 25).

This Court has diversity jurisdiction in this case.[1] The matter in controversy exceeds $75,000, and it is a civil action between citizens from different states. *See* 28 U.S.C. § 1332(a)(1); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

### BACKGROUND

Plaintiff Orvil Duane Hassebrock has a long history of tax problems. The IRS raided his home on May 6, 2005, and took all his financial records from 1996 through 2005.

---

[1] The Court does not believe plaintiff's claim of RICO violations under 18 U.S.C. § 1964(c) is a valid basis of federal-question jurisdiction, *see* 28 U.S.C. § 1331. *See Bell v. Hood*, 327 U.S. 678, 682–83 (1946) (case may be dismissed for lack of jurisdiction where it is "wholly insubstantial and frivolous").

Plaintiff retained defendant Robert G. Bernhoft, an attorney, and the Bernhoft Law Firm on August 25, 2005, to file his 2004 income taxes and for other services. He met with Bernhoft and two others, a Jeffrey Dickstein and Mr. Barnes, in St. Louis, Missouri. By that time he had already paid them a $100,000 retainer. At this meeting, Bernhoft told plaintiff that the Bernhoft Law Firm was a "top professional firm specializing in taxes" and that "he could quote the tax codes." Bernhoft promised to file plaintiff's taxes.

Bernhoft hired an accountant named John Noggle to prepare plaintiff's tax returns. Noggle did so, and sent the returns to plaintiff, but plaintiff found they were "missing all kinds of deductions." He and his wife sent the returns back to have them corrected. Bernhoft then sent them to another accountant, Tim Brewer. After Brewer finished them, plaintiff and his wife reviewed them and still found missing deductions; the returns were "grossly wrong," and plaintiff had to return them again. Sometime later Bernhoft mistakenly filed the returns in O'Fallon, Illinois, instead of in Kansas City. Further, plaintiff and his wife signed the returns, but Noggle did not. And plaintiff did not know *which* set of returns Bernhoft filed with the IRS until the summer of 2010, during plaintiff's criminal trial.

Plaintiff fired Bernhoft in December 2008. About six months later, on June 17, 2009, plaintiff was indicted in this Court for willfully attempting to evade and defeat the payment of taxes, *see* 26 U.S.C. § 7201, and willfully failing to file an income-tax return for the year 2004, *see* 26 U.S.C. § 7203. According to plaintiff's complaint, the prosecutor called the tax return prepared by Noggle fraudulent because Noggle had not signed it. Plaintiff also believes Noggle misclassified an oil-field settlement as a land settlement. Consequently, plaintiff hired a new firm to complete his tax returns, but that firm was unable to finish them before plaintiff's trial.[2]

On April 29, 2010, a jury convicted Hassebrock on both counts (Docs. 27, 29, 31,

---

[2] As with the previous tax returns, prepared by Noggle and Brewer, plaintiff asserts that he and his wife found so many mistakes in these returns that he was unable to file them.

2

No. 09-CR-30080-MJR). He was sentenced to three years in prison, three years of supervised release, fined $74,000, and ordered to pay $997,582.19 in restitution to the IRS (*id.*, Doc. 67). Plaintiff's convictions were affirmed on appeal. *See United States v. Hassebrock*, 663 F.3d 906 (7th Cir. 2011), *cert. denied*, 132 S.Ct. 2377 (2012).

In all, plaintiff had paid defendants $181,330. Plaintiff has since discovered that, in 1997, Bernhoft was sued by the United States for his involvement in a company called Morningstar Consultants. *See United States v. Raymond*, 228 F.3d 804 (7th Cir. 2000). Between January and June of 1996, Morningstar advertised and sold "The De-Taxing America Program," which incited people to evade their federal income taxes. Plaintiff believes he was convicted as a direct result of defendants' actions and that they purposely tried to get him indicted as a way of driving up his legal fees.

## DISCUSSION

A motion under Rule 12(b)(6) allows for dismissal for the "failure to state a claim upon which relief can be granted." To state a claim, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal citations and

quotations omitted).

Moreover, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *accord Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

The court reviews a motion to dismiss in the light most favorable to the plaintiff, accepts as true all well-pleaded facts alleged, and draws all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

## ANALYSIS

*Claim I: Fraud*

Plaintiff first alleges that Bernhoft committed fraud when he represented himself as a tax expert.[3] Bernhoft did not disclose that he had been sued for his involvement with Morningstar Consultants and "The De-Taxing America Program." Plaintiff therefore believes Bernhoft lied about what he would do for plaintiff. He asserts that Bernhoft has been enjoined from "conduct nearly identical" to what plaintiff is alleging, and that plaintiff is now serving a federal prison sentence for relying on defendant's representations.[4]

A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud … ." Fed. R. Civ. P. 9(b); *accord AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011). This generally requires describing the "'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank*, 649 F.3d at 615 (quoting *Pirelli Arm-*

---

[3] Plaintiff pleads fraudulent misrepresentation in the alternative. There is not a significant difference.
[4] Plaintiff objects to defendants' characterization of his claim as legal malpractice rather than fraud. Since plaintiff claims legal malpractice separately, the Court will address it there.

4

*strong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011)); *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 854 (7th Cir. 2009)). A cause of action for fraud in Illinois requires the plaintiff to prove (1) the existence of a false statement of material fact, (2) that the defendant knew or believed to be false, (3) made with the intent to induce the plaintiff to act, (4) that caused the plaintiff to act in reasonable reliance on the statement's truth, and (5) that caused the plaintiff injury. *Krilich v. Am. Nat'l Bank and Trust Co. of Chi.*, 778 N.E.2d 1153, 1160 (Ill. App. Ct. 2002).

Before proceeding with defendants' arguments, the Court, in the interest of judicial economy, will raise the matter of collateral estoppel and plaintiff's criminal trial and convictions before District Judge Michael J. Reagan. *See Ariz. v. Cal.*, 530 U.S. 392, 412 (2000) (noting that a court may dismiss an action *sua sponte* when it is on notice that it has previously decided an issue presented); *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008); *Studio Art Theatre of Evansville, Inc. v. City of Evansville, Ind.*, 76 F.3d 128, 130 (7th Cir. 1996) ("The benefits of precluding relitigation of issues finally decided run not only to the litigants, but also to the judicial system."). Moreover, plaintiff bases his claims on the fact of his criminal convictions, so he raises the issue himself. *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Muhammad*, 547 F.3d at 878. The Court may take judicial notice of plaintiff's criminal case and appeal. *See, e.g.*, *Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003) (matters of public record).

In plaintiff's criminal case, a jury found that he had *willfully* evaded his taxes and *willfully* failed to file a return for the year 2004. The Seventh Circuit found sufficient evidence to support both convictions, and affirmed. *See United States v. Hassebrock*, 663

5

F.3d 906, 918–20 (7th Cir. 2011). According to one of plaintiff's attorneys, Dan Goggin, plaintiff set up trust accounts in other individuals' names and funded those accounts with settlement money. He made personal use of the funds in those accounts. In addition, plaintiff's accountant, Sam Phillips, testified that plaintiff came to him and asked him about the tax liability of the settlement funds. Phillips prepared two returns for plaintiff, one including the settlement funds and one without. The court of appeals found that this demonstrated plaintiff's willfulness "because he knew of the higher tax liability associated with the settlement." *Id.* at 919. Those facts are only as to the conviction for tax evasion. Plaintiff's conviction for failure to file a return was affirmed as well, including the finding that he was willful. *Id.* at 919–20.

In this diversity action, Illinois law determines the collateral-estoppel effect of a prior criminal conviction, and Illinois follows the general rule that the collateral-estoppel or *res judicata* effect of a judgment from another jurisdiction is determined by the law of that jurisdiction. *Nathan v. Tenna Corp.*, 560 F.2d 761, 763 (7th Cir. 1977) (citing *Forrest v. Fey*, 75 N.E. 789, 790–91 (1905)). Plaintiff was convicted in this Court, so the law of this circuit applies. There are four requirements for collateral estoppel to preclude an issue from being relitigated: (1) the issue must be the same as that involved in the prior action, (2) the issue must have been actually litigated in the prior action, (3) its determination must have been necessary to the final judgment in the prior action, and (4) the party against whom estoppel is invoked must have been fully represented in the prior action. *H-D Mich., Inc. v. Top Quality Serv., Inc.*, 496 F.3d 755, 760 (7th Cir. 2007); *Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994).

Here, plaintiff contends that defendants caused his criminal convictions. Consequently, the issue he would seek to preclude is his own *willfulness* in committing tax evasion and failing to file his tax return. Willfulness was actually litigated in his criminal trial and it was necessary to the final judgment, because it was an element of both his convictions. *See Hassebrock*, 663 F.3d at 918, 919. And plaintiff was fully represented in his criminal case.

Therefore, plaintiff cannot state a claim of fraud. Fraud requires the plaintiff to establish causation. *See Krilich*, 778 N.E.2d at 1160. The jury's finding that plaintiff was willful acts to collaterally estop him from claiming that defendants *caused* him to be indicted and convicted.[5]

Moreover, defendants point out that plaintiff does not state how Bernhoft's comments affected him; he does not allege that he justifiably relied on them. The Court agrees, in that plaintiff does not show the who, what, when, where, and how of the fraud. The actions at the heart of plaintiff's convictions took place in early 2005: his 2004 tax return was due on April 15, 2005, and two months before that, in February, is when plaintiff asked his accountant, Phillips, to calculate plaintiff's tax liability for 2004. *Hassebrock*, 663 F.3d at 911. Yet, here, plaintiff alleges that he hired defendants many months later, on August 25, 2005. Plaintiff adds that he fired defendants in December 2008, received his tax receipts from them in January 2009, and did not learn which returns they had filed until 2010 (even though he signed them)—all of which is irrelevant because, as Judge Reagan stated, plain-

---

[5] Similarly, many courts have held that an individual's conviction for tax evasion under 26 U.S.C. § 7201 conclusively establishes the individual's own fraud in a subsequent civil tax-fraud proceeding against him. *Plunkett v. Commissioner*, 465 F.2d 299, 307 (7th Cir. 1972); *Gray v. Commissioner*, 708 F.2d 243, 246 (6th Cir. 1983).

7

tiff's "'crime was completed at 12:00:01 on April 16, 2005.'" *Id.* at 919 (quoting Doc. 62, p. 5, No. 09-CR-30080-MJR).

There are many other problems with plaintiff's fraud claim. He had already paid defendants a $100,000 retainer before Bernhoft made the comments at issue in St. Louis. Plaintiff and his wife reviewed the returns themselves; they found numerous missing deductions (he calls one return "grossly wrong"), and returned them twice to have them corrected. So plaintiff did not rely on Bernhoft's comments. And plaintiff does not allege any fraudulent intent; Bernhoft's involvement with Morningstar Consultants—which ended in June 1996—does not remotely suggest he intended to rook plaintiff into a fraudulent tax scheme in 2005.

The Court does not need to reach defendants' point that Bernhoft's comments were mere advertising puffery. Plaintiff cannot show that defendants' actions caused his convictions, and he fails to state the circumstances constituting fraud with particularity as required by Rule 9(b). Plaintiff's fraud claim is **DISMISSED**.

*Claim II: Legal Malpractice*

The same general reasoning applies to plaintiff's legal-malpractice claim. Plaintiff says that, to the extent his cause of action does not consist of fraud, he pleads legal malpractice. In his response brief, he asserts that defendants are the proximate cause of his current circumstances and that their fee in excess of $181,000 was "obscene." He says defendants represented their expertise in tax law, he relied on that representation, and, as a result, he was federally prosecuted and imprisoned.[6]

---

[6] Defendants only construe plaintiff to be claiming that their fee was too high; plaintiff does not say much more than that the fee was "unreasonable." They therefore believe that plaintiff's cause of action lies in breach of contract or fraud rather than legal malpractice. *See Cripe v. Leiter*, 683 N.E.2d 516, 518 (Ill. App. Ct. 1997) (an attorney's falsified billings may support a claim of fraud).

8

The Court again takes judicial notice of plaintiff's criminal convictions. Plaintiff's claim fails because legal malpractice, like fraud, requires causation, *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 856 N.E.2d 389, 394 (Ill. 2006); *Mihailovich v. Laatsch*, 359 F.3d 892, 904 (7th Cir. 2004), which plaintiff cannot show. Defendants are not the cause of plaintiff's current circumstances. He himself is.

The State of Illinois also requires a showing of actual innocence in any legal-malpractice claim against a defense attorney following a criminal conviction. *Winniczek v. Nagelberg*, 394 F.3d 505, 507 (7th Cir. 2005) (collecting cases); *Woidtke v. St. Clair Cnty., Ill.*, 335 F.3d 558, 562 (7th Cir. 2003); *Levine v. Kling*, 123 F.3d 580, 583 (7th Cir. 1997) ("[B]y operation of the doctrine of collateral estoppel, a valid criminal conviction acts as a bar to overturning that conviction in a civil damages suit."). Plaintiff has not shown his innocence—his motion for habeas relief under 28 U.S.C. § 2255 is pending, *Hassebrock v. United States*, No. 12-CV-736-MJR—and defendants here were not even his defense attorneys in the criminal case. Plaintiff's legal-malpractice claim is **DISMISSED**. *See Levine*, 123 F.3d at 582–83 (noting that the district court should not dismiss the claim with prejudice because the plaintiff could bring the malpractice claim later if he succeeds in having his conviction overturned in postconviction proceedings).

*Claim III: RICO*

Plaintiff alleges that every time defendants caused him to put a check in the mail, talked to him on the telephone, or mailed him "anything," they committed a predicate act under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68. Bernhoft is alleged to have concealed his incompetence from plaintiff and that he was a tax protestor. Plaintiff adds that defendant's being an attorney is a special circumstance

giving rise to a duty to disclose that he had been a tax protestor. *See Emery v. Am. Gen. Fin., Inc.*, 71 F.3d 1343, 1346–47 (7th Cir. 1995).

Under 18 U.S.C. § 1962(c), it is unlawful for an employee of an enterprise engaged in interstate commerce "to conduct or participate … in the conduct of such enterprise's affairs through a pattern of racketeering activity … ."; *accord Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 399 (7th Cir. 2009). The RICO statute provides a private right of action for "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter … ." 18 U.S.C. § 1964(c); *accord Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453 (2006). In general, to state a claim for relief under § 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern of racketeering activity. *DeGuelle v. Camilli*, 664 F.3d 192, 199 (7th Cir. 2011); *United States v. Shamah*, 624 F.3d 449, 454 (7th Cir. 2010); *see also Rao*, 589 F.3d at 399. "Racketeering activity" consists of the acts enumerated in 18 U.S.C. § 1961(1), including mail fraud and wire fraud, *see* 18 U.S.C. § 1341, 1343.

A plaintiff may sue, however, "only if the alleged RICO violation was the proximate cause of the plaintiff's injury." *Anza*, 547 U.S. at 453 (citing *Holmes v. Securities Investor Protection Corporation*, 503 U.S. 258, 268 (1992)); *accord James Cape & Sons Co. v. PCC Const. Co.*, 453 F.3d 396, 403 (7th Cir. 2006). The proper determination of proximate case is "whether the alleged violation led directly to the plaintiff's injuries." *Anza*, 547 U.S. at 461; *accord RWB Servs., LLC v. Hartford Computer Group, Inc.*, 539 F.3d 681, 688 (7th Cir. 2008). As the Court has explained regarding plaintiff's fraud and legal-malpractice claims, his injuries were not caused by defendants' actions. He therefore does not state a claim on which relief can be granted.

In addition, defendants contend that plaintiff cannot use all communications, including innocent mailings, to establish predicate acts. The Court agrees. A claim of RICO violations must meet the particularity requirements of Rule 9(b). *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994); *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992); *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992). Accordingly, "the complaint must, at minimum, describe the predicate acts with some specificity and 'state the time, place, and content of the alleged communications perpetrating the fraud.'" *Midwest Grinding*, 976 F.2d at 1020 (quoting *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.*, 927 F.2d 988, 992 (7th Cir. 1991)); *accord Pizzo v. Bekin Van Lines Co.*, 258 F.3d 629, 632 (7th Cir. 2001) (noting that the *time* of the misrepresentations is required, even if the place and content are given).

Here, plaintiff's assertions that defendants committed predicate acts "every time" they talked to him on the phone or mailed him anything are insufficient. They fail to state the time, place, or content of the alleged communications and do not mention any misrepresentations. *See Uni\*Quality, Inc.*, 974 F.2d at 923 (finding the plaintiff's allegations of fraud to support allegations that the defendant engaged in a pattern of racketeering activity were woefully deficient under Rule 9(b) where they did not mention any misrepresentations, "much less any specifics about those misrepresentations").

Defendants raise other arguments as well, but the Court does not need to delve into each of them. Plaintiff fails to state a claim on which relief can be granted, and this claim is **DISMISSED**. He has decided to withdraw his last claim, in which he sought access to a grand jury.

*Plaintiff's Motion to Amend and Motion to Consolidate*

Plaintiff originally filed his complaint pro se, and his response to defendants' motion was filed pro se. He has since retained an attorney, and now moves for leave to amend his complaint and add parties (Doc. 34). In addition, he filed a new civil case in this Court against one of the accountants mentioned above, John C. Noggle. *See Hassebrock v. Noggle*, No. 12-CV-1156-MJR. That case is currently before Judge Reagan. Plaintiff therefore moves to consolidate this case with the *Noggle* case (Doc. 33). Defendants do not oppose either motion.

A party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts have broad discretion to deny leave to amend when the moving party has acted with undue delay, bad faith, dilatory motive, or repeatedly failed to cure deficiencies; when amendment would be futile; or when it would cause the opposing party undue prejudice. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's motion for leave to amend states that he has not caused undue delay and has not acted in bad faith or with dilatory motive. He further believes that defendants will not be prejudiced by an amendment because they have known about plaintiff's allegations since he served them with the original complaint.

For the following reasons, the Court will allow plaintiff to amend his complaint, though with some limitations. Plaintiff has not filed an amended complaint previously. The Court believes an amended complaint will allow him to better articulate his claims. For example, plaintiff mentions two other matters, a settlement with Deep Rock Energy and a lost investment in a company called Semper Libera, and it is not clear whether he is pursu-

ing those as legal claims against defendants or not. Plaintiff should have addressed defendants' motion to dismiss in his motion to amend, to cure deficiences, but there is no evidence of undue delay, bad faith, or dilatory motive. And defendants do not voice any objection or claim prejudice.

Plaintiff does not address whether amendment would be futile. As discussed above, the Court finds that several of plaintiff's claims cannot be sustained in light of his criminal convictions. The Court has reviewed plaintiff's proposed amended complaint. While he adds some additional details, there are not many, and what he does add is of dubious relevance. For instance, regarding his RICO claim, he mentions a former client of defendants' named Joe Banister who was also a tax protestor and under investigation by the IRS. Those allegations do not appear related to plaintiff's RICO claim, however, and the deficiencies in the original complaint remain.

Therefore, the Court will allow plaintiff to file an amended complaint, but he cannot maintain a claim against these defendants based on his criminal convictions, including either his prison sentence or the fines and restitution he owes the IRS. Since plaintiff's proposed second amended complaint still contains those claims, he should amend it further and not submit it as it is currently drafted. Plaintiff is given **30 DAYS** to file an amended complaint.

Regarding the motion to consolidate, plaintiff's proposed amended complaint adds as coplaintiff his wife, Evelyn Hassebrock, and adds as defendants Robert E. Barnes, Jeffrey A. Dickstein, John C. Noggle, John C. Noggle, CPA, Inc., and Tim D. Brewer, CPA. Two of those, John C. Noggle and John C. Noggle, CPA, Inc., are the only two defendants in the *Noggle* case before Judge Reagan. So, rather than consolidate the cases, plaintiff should include all his factual allegations and claims against the *Noggle* defendants in his amended complaint. The *Noggle* case can then be dismissed. Plaintiff's motion to consolidate (Doc. 33) is, accordingly, **DENIED**.

## CONCLUSION

Defendant's motion to dismiss (Doc. 22) is **GRANTED**. Plaintiff's complaint is **DISMISSED** as to his fraud, legal-malpractice, and RICO claims arising from his criminal convictions. Plaintiff's motion for leave to amend his complaint and add parties (Doc. 34) is **GRANTED**. His amended complaint is due within **30 DAYS**. Finally, plaintiff's motion to consolidate this case with *Hassebrock v. Noggle*, No. 12-CV-1156-MJR is **DENIED** (Doc. 33). Plaintiff is **DIRECTED** to bring all claims against all defendants in his amended complaint.

**IT IS SO ORDERED.**

**DATED: February 25, 2013**

                                                         /s/ **WILLIAM D. STIEHL**
                                                            **DISTRICT JUDGE**