IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ORVIL DUANE HASSEBROCK and EVELYN HASSEBROCK, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:10-cv-679-WDS-DGW |
| ROBERT G. BERNHOFT, et al., | ) ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Quash Service of Summons filed by Defendant, Robert E. Barnes, on May 3, 2013 (Doc. 53). For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

On March 27, 2013, Summons was issued as to Defendant Robert E. Barnes with the address Barnes Law, 22631 Pacific Coast Highway, Suite 362, Malibu, California 90265 (Doc. 45, p. 1). According to the attached "proof of service," the summons was left with Adriana Ravalcba on April 12, 2013 at the above address (*Id.* p. 2). Defendant Barnes, in his *pro se* motion, indicates that the summons was served upon his business address (which he terms "office space") and should be quashed because it was not served upon him at his "residence or usual place of abode" as required by Illinois law. *See* 735 ILL. COMP. STAT. § 5/2-203

### DISCUSSION

The Federal Rules of Civil Procedure actually govern the appropriateness of service of

summons in this matter, along with every other procedural matter raised by the parties.[1] Rule 4(e) provides, in part, that an individual can be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located *or where service is made.*" *Id.* at Rule 4(e)(1) (emphasis added). Service can also be accomplished by personally delivering the summons and complaint, by leaving them "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by delivering to an agent. *Id.* at Rule 4(e)(2). Plaintiffs have apparently elected to use California law as the basis for service (at least that is the argument made in their brief). Defendant Barnes neither addresses the Federal Rules nor does he explain how service was improper under California law.

California's Code of Civil Procedure provides that "[a] summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served." Id. at § 415.10. The code further provides that:

> [i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business . . . in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

*Id*. at § 415.20(a). Plaintiffs must therefore personally serve Defendant first: only if personal service cannot be made after due diligence may a plaintiff use one of the substitute avenues listed

---

[1] To the extent that Plaintiffs argue that Defendant Barnes has waived personal jurisdiction by filing this motion, such an argument is without merit. *See In re Hijazi*, 589 F.3d 401, 413 (7th Cir. 2009); *Shall v. Henry*, 211 F.3d 226, 230-231 (7th Cir. 1954).

above. *See American Ex. Centurion Bank v. Zara*, 131 Cal.Rptr.3d 99, 103 (Cal. Ct. App. 2011) ("However, an individual may be served by substitute service only after a good faith effort at personal service has first been made . . . ."). A total of three attempts at personal service have been found sufficient prior to effecting service by other means. *See Espindola v. Nunez*, 245 Cal.Rptr. 596, 598 (Cal. Ct. App. 1988). California liberally construes its service statutes: allowing that if actual notice is received by a Defendant, jurisdiction *may* be upheld. *See Pasadena Medi-Center Associates v. Superior Court*, 511 P.2d 1180, 1183-1184 (Cal. 1973) (in a convoluted fact pattern, finding that service of process on a person who was reasonably but mistakenly believed to be the corporation's agent, and where the actual agent received a copy of the summons and complaint and devised a legal strategy in response, resulted in the corporation being estopped from challenging service). However, more recent case authority reveals that even actual notice cannot routinely be a substitute for proper service. *Joe Hand Promotions, Inc. v. Bernal*, 2013 WL 1402464, *3 (E.D.Cal. 2013) ("Thus, actual notice cannot be a substitute for proper service."); *Honda Motor Co. v. Superior Court*, 12 Cal.Rptr.2d 861, 864. (Cal. Ct. App. 1992) ("The fact that the person served 'got the word' is irrelevant. Mere knowledge of the action is not a substitute for service, nor does it raise any estoppel to contest the validity of service." (quotation marks and citations omitted)). Plaintiff bears the burden of demonstrating that service was proper. *American Ex. Centurion Bank*, 131 Cal.Rptr.3d at 103; *See also Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1993); *Light v. Wolf*, 816 F.2d 746, 751 (D.D.C. 1987).

Plaintiffs offer no argument or evidence that they ever attempted to personally serve Defendant Barnes. While Plaintiffs do argue that service of process is not a "game of 'hot

potato,'" there is no showing that Defendant Barnes is actively evading service of process or otherwise behaving in an improper manner. Thus, Plaintiffs have failed to comply with California Rule of Civil Procedure § 415.10. Furthermore, the proof of service (Doc. 45, p. 2) offers no information that would show that summons was served in accordance with § 415.20 (or indeed pursuant to Federal Rule of Civil Procedure 4(e)(2)(B)). The document indicates that the summons and complaint were served by leaving them at "the individual's residence or usual place of abode" and with Adriana Ravalcba, "a person of suitable age and discretion who resides there." The proof of service does not list Defendant Barnes' home address. Rather, the summons lists his business office.[2] Thus, there is not showing that Defendant Barnes was served at his dwelling or usual place of abode. To the extent that the proof of service contains errors as to the address, there is also no showing that Ms. Ravalcba is a person who appears to be in charge nor is there any showing that she was informed of the contents of the papers served. Finally, there is no showing that the summons and complaint were mailed to Defendant Barnes (which would inform the Court when service would have completed).

---

[2] There appears to be no dispute that Malibu address is Defendant Barnes' business address.

## CONCLUSION

In sum, service as to Defendant Barnes is wholly defective. While Defendant Barnes obviously is aware of this lawsuit, actual notice is not a substitute for proper service. Defendant Barnes' Motion is accordingly **GRANTED**. Plaintiffs are granted until **July 8, 2013** to effect proper service upon Defendant Barnes.

**IT IS SO ORDERED.**

**DATED: June 19, 2013**

                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**