## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ORVIL DUANE HASSEBROCK and | ) | |
| EVELYN HASSEBROCK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10-CV-679-WDS |
| | ) | |
| ROBERT G. BERNHOFT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**STIEHL, District Judge:**

Plaintiff Orvil Duane Hassebrock originally brought this action against his former attorney Robert G. Bernhoft and the Bernhoft Law Firm, S.C., alleging fraud, legal malpractice, and violations of the Racketeer Influenced and Corrupt Organizations Act. He alleged that these defendants had mishandled the filing of his back income taxes, which led to his being prosecuted and convicted for tax evasion and failing to file a return in 2004. *See United States v. Hassebrock*, 663 F.3d 906 (7th Cir. 2011). The Court dismissed the complaint for failure to state a claim (Doc. 35). Among other things, the jury's finding that plaintiff willfully committed the offenses collaterally estop him from arguing that defendants caused his criminal convictions. Plaintiff was given leave to file an amended complaint, which he has now done.

The amended complaint brings several new state-law claims, including negligence and breach of contract.[1] It also adds Evelyn Hassebrock as coplaintiff, and Robert E. Barnes, Jeffrey A. Dickstein, John C. Noggle, Tim D. Brewer, and John C. Noggle, C.P.A.,

---

[1] Negligence, breach of contract, legal malpractice, breach of fiduciary duty, negligent misrepresentation, aiding and abetting a breach of fiduciary duty, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

Inc. as defendants. Various defendants have filed three motions to dismiss that are now pending (Docs. 44, 61, 63). Before deciding those, however, the Court must resolve a number of jurisdictional questions. *See, e.g.*, *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n*, 707 F.3d 883, 890 (7th Cir. 2013) ("[F]ederal courts are courts of limited jurisdiction, and we have an obligation at each stage of the proceedings to ensure that we have subject matter jurisdiction over the dispute."); *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 427 (7th Cir. 2009) ("[I]t is always a federal court's responsibility to ensure it has jurisdiction, so we turn to that question first.").

Plaintiff had originally alleged that jurisdiction was based both on the existence of federal questions, 28 U.S.C. § 1331, and on diversity, 28 U.S.C. § 1332(a)(1). He asserted federal-question jurisdiction under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68, the Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rule of Criminal Procedure 6(a) regarding grand juries. The Court found, however, in its order dismissing the complaint, that the RICO allegations were too insubstantial to afford a basis for federal-question jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682–83 (1946) (case may be dismissed for lack of jurisdiction where it is "wholly insubstantial and frivolous"). The same applies to plaintiff's demand that the Court convene a grand jury under Federal Rule of Criminal Procedure 6(a); a private citizen does not have standing to to demand that anyone else be prosecuted. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887, 901 (7th Cir. 2012) (Easterbrook, C.J., concurring); *Johnson v. City of Evanston, Ill.*, 250 F.3d 560, 563 (7th Cir. 2001). And the Declaratory Judgment Act does not provide a basis for federal-question jurisdiction either.[2] *DeBartolo v. Healthsouth Corp.*, 569 F.3d 736, 741 (7th Cir. 2009); *Samuel C. Johnson 1988 Trust v. Bayfield Cnty.*, Wisc., 520 F.3d 822, 827 (7th Cir. 2008).

---

[2] The complaint also cites 28 U.S.C. § 2202, but that section merely complements § 2201. It authorizes the court to grant "[f]urther necessary or proper relief based on a declaratory judgment or decree." It does not provide a basis for jurisdiction any more than § 2201 does.

Consequently, federal jurisdiction, if it exists, must lie in diversity. Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) exists in civil actions between citizens of different states where the matter in controversy exceeds $75,000. The Supreme Court has interpreted this grant of jurisdiction to require complete diversity between the parties. *E.g.*, *Carden v. Arkona Assocs.*, 494 U.S. 185, 187 (1990). From the beginning, plaintiff Orvil Duane Hassebrock has alleged $180,000 in damages, so the matter in controversy is not in question.

The relevant time for assessing the court's diversity jurisdiction is at the time of filing. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570–75 (2004); *Mullan v. Torrance*, 22 U.S. 537, 539 (1824); *Hukic*, 588 F.3d at 427. Then any changes in the parties' citizenship later, during the lawsuit, will not divest the court of jurisdiction. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Conversely, if diversity jurisdiction did not exist at the time of filing, it cannot be cured later, *Grupo Dataflux*, 541 U.S. at 575; *Synfuel Tech., Inc. v. DHL Express (U.S.A.), Inc.*, 190 Fed. App'x, 490, 490–91 (7th Cir. 2006)—unless the nondiverse party is dispensable and can be dismissed from the case, *Grupo Dataflux*, 541 U.S. at 572–73; *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *Bankmanagers Corp. v. Fed. Ins. Co.*, 712 F.3d 1163, 1165 (7th Cir. 2013).

At the time of filing the original complaint here, plaintiff Orvil Duane Hassebrock alleged that he was "a private citizen with a residence" in Illinois and that defendant Bernhoft was "an attorney with a business address" in Wisconsin. But the pertinent question in determining diversity is the parties' citizenship, not their residence (or business address). *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012); *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). An individual is a citizen of the state in which he is *domiciled*, and domicile is "the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2009). Thus the allegations here fall short. The

3

amended complaint does better by providing the citizenship of these two individuals, but not as when the *original complaint was filed*. Plaintiffs must therefore correct their jurisdictional statements as to Orvil Duane Hassebrock's and Bernhoft's citizenship.

Also at the time of filing the original complaint, plaintiff alleged that the defendant Bernhoft Law Firm, S.C. had a "business address" in Wisconsin. "S.C." stands for "service corporation," a type of professional corporation in Wisconsin. Wis. Stat. §§ 180.1901–.1921; *Saecker v. Thorie*, 234 F.3d 1010, 1012 (7th Cir. 2000). Different types of corporations are treated alike for diversity purposes. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 739–43 (7th Cir. 2004). Namely, a corporation is a citizen of every state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Saecker*, 234 F.3d at 1012. Accordingly, the Bernhoft Law Firm, S.C.'s business address is not the right piece of information. The amended complaint, again, only provides the current state of incorporation and principal place of business. Plaintiffs must therefore properly plead the Bernhoft Law Firm, S.C.'s citizenship as of when the original complaint was filed.

Now that plaintiffs have filed an amended complaint, the Court must satisfy itself that the parties are still diverse; diversity jurisdiction may be lost when new parties are added to a case, if they were indispensable when the original complaint was filed. *Estate of Alvarez v. Donaldson Co.*, 213 F.3d 993, 995–96 (7th Cir. 2000); *Costain Coal Holdings, Inc. v. Resource Invest. Corp.*, 15 F.3d 733, 734–35 (7th Cir. 1994) (holding that intervention of an indispensable, nondiverse defendant destroyed diversity jurisdiction); *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 471 (7th Cir. 1999).

Plaintiffs allege that coplaintiff Evelyn Hassebrock is a citizen of Illinois, defendant Barnes is a citizen of California, defendant Dickstein is a citizen of Oklahoma, and defendant Noggle is a citizen of Wisconsin. Those allegations are properly pleaded. *See Wis.*

*Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("An allegation of citizenship proper in form and not contested establishes a party's citizenship for purposes of diversity jurisdiction."). The allegations as to two defendants are incorrect, though.

Plaintiffs state that defendant John C. Noggle, C.P.A., Inc. is incorporated in Wisconsin with a "business address" in Wisconsin. That is not the right information for a corporation, as discussed earlier. *See* § 1332(c)(1).

Finally, plaintiffs assert that defendant Tim D. Brewer, C.P.A., is a "sole proprietorship" in California and that Brewer "may be served with process" in California. The citizenship of a sole proprietorship is simply that of its proprietor. *Lyerla v. AMCO Ins. Co.*, 536 F.3d 684, 687 (7th Cir. 2008); *Exclusive Temps. of Ga., Inc. v. A & R Janitorial Servs.*, No. 88 C 5501, 1988 WL 72303, at *1 (N.D. Ill. July 1, 1988). It seems safe to assume that Tim D. Brewer is the proprietor, but plaintiffs do not provide his citizenship. The address where he can be served does not establish that.

Plaintiffs are **ORDERED** to file a jurisdictional supplement **by August 19, 2013,** properly pleading diversity jurisdiction as discussed in this order. In light of this further briefing and the pending motions to dismiss, the final pretrial conference is rescheduled for **November 18, 2013, at 10:30 a.m.** and the presumptive trial month is rescheduled for **December 2013**.

**IT IS SO ORDERED.**

**DATED: <u>August 5, 2013</u>**

**/s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**
