IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ORVIL DUANE HASSEBROCK and EVELYN HASSERBROCK, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:10-cv-679-WDS-DGW |
| v. | ) ) | |
| ROBERT G. BERNHOFT, et al., | ) ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Quash Service of Summons filed by Defendant, Robert E. Barnes, on August 5, 2013 (Doc. 71) and the Motion to Stay Discovery Pending the Court's Disposition of the Parties' Respective Motions to Dismiss (Doc. 82) filed by Defendants, Robert G. Bernhoft and the Bernhoft Law Firm, on August 28, 2013.  For the reasons set forth below, the motions are **DENIED**.

**BACKGROUND**

On March 27, 2013, Summons was issued as to Defendant Robert E. Barnes with the address Barnes Law, 22631 Pacific Coast Highway, Suite 362, Malibu, California 90265.  According to the attached "proof of service," the summons was left with Adriana Ravalcba on April 12, 2013 at the above address.  Defendant Barnes, in his first *pro se* motion, indicated that the summons was served upon his business address (which he terms "office space") and should be quashed because it was not served upon him at his "residence or usual place of abode" as required.  In an Order (Doc. 62), this Court found that Plaintiffs offered no argument or evidence that they ever attempted to personally serve Defendant Barnes.  Further, this Court found that there was no

showing that Defendant Barnes was actively evading service of process or otherwise behaving in an improper manner. Thus, this Court found that Plaintiffs failed to comply with California Rule of Civil Procedure § 415.10 and Federal Rule of Civil Procedure 4(e)(2)(B). The Court granted Plaintiffs until July 8, 2013 to effectuate proper service upon Defendant Barnes.

On Wednesday July 3, 2013, Plaintiffs again tried to serve Defendant Barnes at an address provided by him as his place of business. That address was abandoned, and Plaintiffs were directed to an address a couple blocks away. At that address, Plaintiffs served Summons on Kiera Barnes, who Defendant Barnes claims is unrelated.

## Discussion

The Federal Rules of Civil Procedure govern the appropriateness of service of process in this matter. Rule 4(e) provides, in part, that an individual can be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located *or where service is made*." *Id*. at Rule 4(e)(1) (emphasis added). Service can also be accomplished by personally delivering the summons and complaint, by leaving them "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by delivering to an agent. *Id.* at Rule 4(e)(2).

California's Code of Civil Procedure provides that "[a] summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served." *Id*. at § 415.10. The code further provides that:

> [i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business . . . in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

*Id.* at § 415.20(a). Plaintiffs must therefore personally serve Defendant first: only if personal service cannot be made after due diligence may a plaintiff use one of the substitute avenues listed above. *See American Ex. Centurion Bank v. Zara*, 131 Cal.Rptr.3d 99, 103 (Cal. Ct. App. 2011) ("However, an individual may be served by substitute service only after a good faith effort at personal service has first been made . . . ."). A total of three attempts at personal service have been found sufficient prior to effecting service by other means. *See Espindola v. Nunez*, 245 Cal.Rptr. 596, 598 (Cal. Ct. App. 1988). California liberally construes its service statutes: allowing that if actual notice is received by a Defendant, jurisdiction *may* be upheld. *See Pasadena Medi-Center Associates v. Superior Court*, 511 P.2d 1180, 1183-1184 (Cal. 1973) (in a convoluted fact pattern, finding that service of process on a person who was reasonably but mistakenly believed to be the corporation's agent, and where the actual agent received a copy of the summons and complaint and devised a legal strategy in response, resulted in the corporation being estopped from challenging service). Actual notice, however, cannot routinely be a substitute for proper service. *Joe Hand Promotions, Inc. v. Bernal*, 2013 WL 1402464, *3 (E.D.Cal. 2013) ("Thus, actual notice cannot be a substitute for proper service."); *Honda Motor Co. v. Superior Court*, 12 Cal.Rptr.2d 861, 864. (Cal. Ct. App. 1992) ("The fact that the person served 'got the word' is irrelevant. Mere knowledge of the action is not a substitute for service, nor does it raise any estoppel to contest the validity of service." (quotation marks and citations omitted)). Plaintiff bears the burden of demonstrating that service was proper. *American Ex. Centurion Bank*, 131 Cal.Rptr.3d at 103; *See also Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1993); *Light v. Wolf*, 816 F.2d 746, 751 (D.D.C. 1987).

Plaintiffs have shown that they have diligently made every effort to serve Defendant Barnes to no avail. After this Court's order, Plaintiffs again attempted to serve Defendant Barnes at his listed and last known business address as provided by him. As noted in his motion, Defendant claims an address at 22631 Pacific Coast Highway, Suite 362, Malibu, California, 90265. Plaintiffs' process

server in California, however, attempted to serve Defendant Barnes at that address and found it to be abandoned, or at least relocated. Plaintiffs have also sought direction from Defendant's website which shows a wholly different address than the one he has provided. Defendant Barnes has not provided Plaintiffs an address to serve him at his residence. While the Court acknowledges that substitute service should not be routinely used to effectuate service, in the interest of justice and to avoid further delay, Plaintiffs' service on Defendant Barnes is deemed proper. Further, Defendant Barnes has actual notice of this lawsuit.

### Motion to Stay Discovery

This Court enjoys broad discretion in directing the course of discovery. *See* FED. R. CIV. P. 26; *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). Generally, the filing of motions to dismiss does not automatically stay discovery. *See SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 945 (7th Cir. 1988); *Daniel J. Hartwig Associates, Inc. v. Kanner*, 913 F.2d 1213, 1223 (7th Cir. 1990). Discovery can be stayed, however, if certain threshold or jurisdictional issues could be efficiently resolved prior to expensive discovery. *See Todd by Todd v. Merrell Dow Pharmaceuticals, Inc.*, 942 F.2d 1173, 1178 (7th Cir. 1991) ("Limiting discovery to a threshold issue is proper in a case that may be resolved upon summary judgment"); *Landstrom v. Illinois Dept. of Children and Family Services*, 892 F.2d 670, 674 (7th Cir 1990) (approving a stay in discovery pending a ruling on qualified immunity).

In this matter, there are no threshold or jurisdictional issues that warrant this Court granting a stay. Defendants' seek to stay this case because none of the defendants have answered the complaint, and it is uncertain which counts may remain once the Court rules on the pending motions to dismiss. The motion is **DENIED**.

**CONCLUSION**

In sum, Defendant Barnes has been properly served pursuant to California Rule of Civil Procedure § 415.10 and Federal Rule of Civil Procedure 4(e)(2)(B).  Further, there are no threshold or jurisdictional issues that warrant a stay.  Both motions are accordingly **DENIED**.

Defendant Barnes **SHALL** file a responsive pleading by October 6, 2013.

**IT IS SO ORDERED.**

**DATED:** September 17, 2013

                                                  **DONALD G. WILKERSON**
                                                  **United States Magistrate Judge**