IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ORVILLE DUANE HASSEBROCK, EVELYN HASSEBROCK, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT G. BERNHOFT, ET AL., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) Case No. 3:10-cv-679-JPG-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the First Motion to Quash Subpoenas (Doc. 109) filed by Plaintiffs, Orvil Duane Hassebrock and Evelyn Hassebrock, on March 17, 2014; the Motion to Compel Both Answers to Deposition Questions and Production of Documents (Doc. 111) filed by Defendants, Robert G. Bernhoft and the Bernhoft Law Firm, on March 19, 2014; and the First Motion to Strike Response in Opposition to Motion (Doc. 119) filed by Plaintiffs on April 9, 2014. The First Motion to Quash (Doc. 109) is **DENIED**; the Motion to Compel is **GRANTED** (Doc. 111); and the Motion to Strike (Doc. 119) is **DENIED**.

**First Motion to Quash Subpoenas (Doc. 109)**

Plaintiffs seek to quash four subpoenas served by Defendants Robert G. Bernhoft and the Bernhoft Law Firm (hereinafter Bernhoft Defendants). The subpoenas were served on the principals of the law firm of Lucco, Brown, Threlkeld & Dawson, LLP (hereinafter Lucco) and its Custodian of Records seeking "the entire case file, including all work product, communications, documents, or other materials" related to the firm's representation of Mr. Hassebrock in his federal

criminal tax evasion case. Plaintiffs' Amended Complaint states that they engaged the Bernhoft Defendants on a continuous basis from August 2005 to December 2008, prior to Orvil Hassebrock's indictment for tax evasion. Plaintiffs allege that the Bernhoft Defendants' negligence in their representation during that time period caused them damages in excess of $75,000 and led to Mr. Hassebrock's conviction for tax evasion.

Rule 45 of the Federal Rules of Civil requires a district court to, upon motion, quash or modify a subpoena if it "requires the disclosure of privileged or other protected matter, if no exception or waiver applies." *See CSC Holdings*, *Inc*. *v*. *Redisi*, 309 F.3d 988, 993 (7th Cir. 2002). The burden of establishing the existence of a privilege rests on the party asserting it." *Id*.

**Attorney Client Privilege**

The first issue before this Court is whether the Bernhoft Defendants' subpoena that seeks "the entire case file, including all work product, communications, documents, or other materials" related to Lucco's representation of Mr. Hassebrock in his federal criminal case should stand over Plaintiffs' objections. The attorney-client privilege has been defined as: "the protection that applicable law provides for confidential attorney-client communications." FED. R. EVID. 502(g)(1). Thus, in this civil action, Illinois state law governs the attorney-client privilege. FED. R. EVID. 501; *see also Caremark*, *Inc*. *v*. *Affiliated Computer Serv*., Inc., 192 F.R.D. 263, 265 (N.D. Ill. 2000). The common law doctrine is designed "to encourage and promote full and frank consultation between a client and legal advisor by removing the fear of compelled disclosure of information." *Consol*. *Coal Co*. *v*. *Bucyrus-Erie Co*., 432 N.E.2d 250, 256-57 (Ill. 1982) (citations omitted) (noting that the attorney-client privilege "ought to be strictly confined within the narrowest possible limits consistent with the

logic of its principle."). Additionally, the attorney-client privilege "recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

This, however, does not mean that the privilege is absolute. *See Western States Ins. Co. v. O'Hara*, 828 N.E.2d 842, 847 (Ill. App. 2005). In fact, the state of Illinois encourages such disclosures in order to "ascertain[] that truth which is essential to the proper disposition of a lawsuit." *Waste Mgmt., Inc. v. Int'l Surplus Lines Ins. Co.*, 579 N.E.2d 322, 327 (Ill. 1991) (citing *Monier v. Chamberlain*, 221 N.E.2d 410, 416 (Ill. 1966)). Under certain circumstances, the attorney-client privilege may be waived either expressly or impliedly. *See Lama v. Preskill*, 818 N.E.2d 443, 448 (Ill. App. Ct. 2004). An implied waiver results from "a party voluntarily inject[ing] either a factual or legal issue into the case, the truthful resolution of which requires an examination of the confidential communications." *Id.* (citing *Pyramid Controls, Inc. v. Siemens Indus. Automations, Inc., et al.*, 176 F.R.D. 269, 272 (N.D. Ill. 1997)).

Plaintiffs put their communications with Lucco at issue when they filed their Complaint alleging legal malpractice against the Bernhoft Defendants and cannot now assert the attorney-client privilege. Plaintiffs allege that legal malpractice on behalf of the Bernhoft Defendants resulted in Mr. Hassebrock's indictment and conviction for felony tax evasion—putting the discussions and decisions made in defending the criminal tax case directly at issue. As the Bernhoft Defendants point out in their response in opposition to Plaintiffs' motion, the testimony and documents sought by the Bernhoft Defendants go directly to whether the defense of justified but detrimental reliance on CPAs and tax counsel was considered, whether the defense

was rejected as nonviable, and whether Mr. Hassebrock's criminal trial lawyers failed to present a viable reliance on tax advisor defense or any other related defense. As such, Plaintiffs have impliedly waived the attorney client privilege by putting its communications with attorneys at Lucco directly at issue.

**Work Product Doctrine**

Plaintiffs also contend that their communications are protected by the work-product doctrine. The work-product doctrine provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." FED. R. CIV. P. 26(b)(3). Unlike the attorney-client privilege, federal law governs the work-product doctrine. *Id*. The Supreme Court has held that work-product protections can be waived by a "showing of necessity or any indication or claim that denial of such production would unduly prejudice the preparation of petitioner's case or cause him any hardship or injustice." *See Hickman v. Taylor*, 329 U.S. 495, 509 (1947) (noting that work-product may include: "memoranda, briefs, communications . . . other writings prepared by counsel for his own use . . . attorney's mental impressions, conclusions, opinions or legal theories.").

To determine whether to waive the work-product protection, courts generally apply the same "at issue" test used in attorney-client privilege scenarios. *See Pyramid Controls, Inc. v. Siemens Indus. Automations, Inc., et al.*, 176 F.R.D. 269, 276 (N.D. Ill. 1997) (noting that "the scope of discovery for work-product materials will be identical to the above rulings concerning the attorney-client privilege."). Because this Court has found that Plaintiffs waived their attorney-client privilege, this Court also finds that Plaintiffs have waived their work-product protections to the extent that the material Defendants seek relates to

the underlying action for the same reasons. As such, Plaintiff's First Motion to Quash Subpoenas is **DENIED**.

### Motion to Compel Both Answers to Deposition Question and Production of Documents (Doc. 111)

The Bernhoft Defendants seek to compel answers to deposition questions and the production of certain documents. Plaintiffs asserted the attorney-client privilege and refused to answer deposition questions regarding the nature of the conversations they had with their criminal tax trial attorneys. The Bernhoft Defendants also issued subpoenas to the principals at Luoco seeking "the entire case file, including all work product, communications, documents, or other materials related to [their] representation of Orvil Duane Hassebrock in his criminal tax trial. As reasoned above, Plaintiffs waived both the attorney-client privilege and the work product protections when they put their communications at issue by alleging legal malpractice and negligence. As such, Plaintiffs are **COMPELLED** to resubmit answers to the deposition answering all questions about the criminal case defense, particularly questions regarding what defenses were discussed and why malpractice was not presented as a trial defense by **May 1, 2014**. Further, the principals at Luoco are **ORDERED** to produce all documents related to their prior criminal tax representation of Mr. Hassebrock, including, but not limited to, documents constituting communications and work product by **May 1, 2014**.

### Motion to Strike Response in Opposition to Motion (Doc. 119)

Plaintiffs contend that instead of addressing Plaintiff's Motion to Quash in a responsive fashion, the Bernhoft Defendants have re-stated their motion to compel. The Bernhoft Defendants characterizes this motion as bizarre and the Court agrees. The Bernhoft Defendants' arguments in their motion to compel are similar and relevant in responding to Plaintiff's motion to

quash the subpoenas. Plaintiffs have not given any reason as to why this court should take the drastic measure of striking the Bernhoft Defendants' response to their motion to quash. As such, Plaintiffs' Motion to Strike is **DENIED**.

## CONCLUSION

Plaintiffs have impliedly waived both the attorney client privilege and work product doctrine by putting their communications with attorneys at Lucco directly at issue. Plaintiffs are **COMPELLED** to resubmit answers to the deposition answering all questions about the criminal case defense, particularly questions regarding what defenses were discussed and why malpractice was not presented as a trial defense by **May 1, 2014**. Further, the principals at Luoco are **ORDERED** to produce all documents related to their prior criminal tax representation of Mr. Hassebrock, including, but not limited to, documents constituting communications and work product by **May 1, 2014**. The Bernhoft Defendants' request for attorney fees is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** April 16, 2014

**DONALD G. WILKERSON**
**United States Magistrate Judge**