IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ORVIL DUANE HASSEBROCK and
EVELYN HASSEBROCK,

                    Plaintiffs,

          vs.

ROBERT G. BERNHOFT, THE BERNHOFT
LAW FIRM, SC, ROBERT E. BARNES,
JOHN C. NOGGLE, CPA, TIM D. BREWER,
CPA, and JOHN C. NOGGLE, CPA, INC.,

                    Defendants.

Case No. 10-cv-679-JPG-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on (1) defendants Robert G. Bernhoft and the

Bernhoft Law Firm, S.C.'s (collectively "Bernhoft Defendants") motion to strike portions of

plaintiffs Orvil Duane Hassebrock ("Mr. Hassebrock") and Evelyn Hassebrock's ("Ms.

Hassebrock") (collectively "Plaintiffs") amended complaint and to dismiss plaintiffs' amended

complaint (Doc. 44); (2) Plaintiffs' motion to strike the Bernhoft Defendants' reply (Doc. 57);

(3) defendant Tim D. Brewer, CPA's ("Brewer") motion to dismiss (Doc. 61); (4) defendants

John C. Noggle, CPA ("Noggle") and John C. Noggle, CPA, Inc.'s (collectively "Noggle

Defendants") motion to dismiss (Doc. 63); (5) defendant Robert E. Barnes' motion to dismiss

(Doc. 92); (6) Barnes' motion for leave to file supplemental authority (Doc. 94); and (7) the

Bernhoft Defendants' appeal the magistrate judge's denial of their motion to stay discovery

(Doc. 110).  For the following reasons, the Court (1) grants in part and denies in part the

Bernhoft Defendants' motion to dismiss (Doc. 44); (2) denies Plaintiffs' motion to strike (Doc.

47); (3) denies Brewer's motion to strike and dismiss (Doc. 61); (4) grants in part and denies in

part the Noggle Defendants' motion to dismiss (Doc. 63); (5) grants in part and denies in part

Barnes' motion to dismiss (Doc. 92); (6) denies as moot Barnes' motion for leave to file

supplemental authority (Doc. 94); and (7) denies as moot the Bernhoft Defendants' appeal of the

magistrate judge's denial of their motion to stay discovery (Doc. 110).

    1.  Background

Taking as true Plaintiffs' complaint, the Court will recount the history relevant to the

instant motions.  Plaintiffs have a long history of legal troubles including disputes over

ownership interests in an oil field venture, attorney malpractice, and a federal criminal tax

prosecution.  The troubles relevant to the instant motions begin back in the 1990s when Mr.

Hassebrock obtained a worker's compensation settlement and invested that settlement in an oil

field venture with Deep Rock Energy ("Deep Rock") and Ceja Corporation.  Attorneys Sam

Feiber and George Woodcock represented Plaintiffs in and settled a claim against Deep Rock

stemming from a dispute over an ownership interest in the oil field venture.  A dispute arose over

the amount of attorneys' fees Plaintiffs owed Feiber and Woodcock out of the settlement.

Meanwhile, Mr. Hassebrock was the subject of a federal criminal tax investigation for

failure to pay income taxes.  Ultimately, he was convicted of tax evasion and failure to file a tax

return for the 2004 tax year in the Southern District of Illinois, Case No. 09-cr-30080-MJR.  He was

sentenced to three years in prison, three years supervised release, a fine of $74,000, and ordered to pay

$997,582.19 in restitution to the Internal Revenue Service.

Before Mr. Hassebrock's conviction, Plaintiffs hired the Attorney Defendants[1] to

represent them in several matters including: filing suit against Feiber and Woodcock to recover

attorneys' fees wrongfully collected; review the Deep Rock settlement; review and potentially

file suit over losses resulting in another investment called Semper Libera; represent Mr.

---

[1] The "Attorney Defendants" include the Bernhoft Defendants, Barnes, and Brewer.

Hassebrock in the federal criminal tax investigation; and to prepare and file several years' worth of the Plaintiffs' tax returns. The Attorney Defendants failed to timely file a complaint against Woodcock and Feiber. To remedy that oversight, Plaintiffs allege the Attorney Defendants fraudulently attempted to invoke the discovery rule and asked Mr. Hassebrock to sign a statement indicating he had "just discovered" the wrongful acts of Woodcock and Feiber. The complaint states that "[t]he [Plaintiffs] believed this was wrong, and informed the Attorney Defendants that they would not lie to protect them and that they would inform the judge in the case of their wrongful and negligent acts" (Doc. 39, p. 6). Nevertheless, Mr. Hassebrock signed the statement dated May 8, 2008, attesting that he had "just discovered" the wrongful acts, and that statement was filed in the Circuit Court for the Fourth Judicial Circuit in Marion County, Illinois, in a case entitled *Hassebrock v. Fieber & Woodcock*, Case Number 2008-L-8.[2] Doc. 44-2, p. 10.

Ultimately, Plaintiffs had to hire another attorney to pursue their case against Fieber and Woodcock. The claim was settled for $75,000 instead of the more than $400,000 that Feiber and Woodcock had wrongfully retained. Plaintiffs further allege that the Attorney Defendants wrongfully received at least $20,000 of the money collected from that settlement and never took any action to recover damages related to the Semper Libera investment.

Plaintiffs further allege that the Attorney Defendants hired defendant John C. Noggle, without Plaintiffs' knowledge, to prepare and file their tax returns. Noggle prepared inaccurate tax returns. For instance, he categorized the Deep Rock settlement as a "land settlement" rather than an "oil field" settlement. Plaintiffs complained of the inaccuracies and asked the Attorney Defendants to prepare accurate tax returns. The Attorney Defendants then retained Brewer

---

[2] The Court takes judicial notice of Mr. Hassebrock's affidavit filed in the state court case. *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (The Court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.).

whose tax returns were also "grossly inaccurate."  Nevertheless, the Attorney Defendants had the Brewer's inaccurate tax returns filed with IRS Special Agent James Dye.  Thereafter, Plaintiffs terminated the Attorney Defendants.  Plaintiffs estimate that they paid the Attorney Defendants more than $181,330.

Mr. Hassebrock filed his *pro se* complaint on September 2, 2010.  Thereafter, Mr. Hassebrock obtained counsel and filed his first amended complaint on March 22, 2013, in which Ms. Hassebrock was added as a plaintiff and Barnes, Jeffrey A. Dickstein, the Noggle Defendants, and Brewer were added as defendants.  Plaintiffs' first amended complaint, the operative complaint, alleges the following causes of action: (1) Count One – negligence against all defendants; (2) Count Two - breach of contract against all defendants; (3) Count Three – legal malpractice against the Attorney Defendants; (4) Count Four – breach of fiduciary duty against the Accounting Defendants[3]; (5) Count Five - negligent misrepresentation against the Accounting Defendants; (6) Count Six – aiding and abetting against the Accounting Defendants; and (7) Count Seven – violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois Consumer Fraud Act") against the Attorney Defendants.  Each remaining defendant has filed a motion to dismiss.  The Court will consider each of these motions, along with Plaintiffs' motion to strike and the Bernhoft Defendants appeal of the magistrate judge's order, in turn.

2.  Motion to Strike (Doc. 57)

The Court will initially take up Plaintiffs' motion to strike the Bernhoft Defendants' reply.  Plaintiffs argue the Court should strike the reply because Bernhoft Defendants failed to state exceptional circumstances and file a motion for leave to file a reply.  The Bernhoft

---

[3] The "Accounting Defendants" include John C. Noggle, CPA, John C. Noggle, CPA, Inc., and Tim D. Brewer, CPA.

Defendants did, however, set forth their exceptional circumstances. Further, this district does not require parties to seek leave of court to file a reply. Plaintiffs cite to a case which cites to the Local Rules for the Central District of Illinois, not the Southern District of Illinois. Accordingly, the Court denies Plaintiffs' motion to strike.

    3.   Motion to Dismiss Standard

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to

relief . . . by providing allegations that 'raise a right to relief above the speculative level.'"
*Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667. The Court further notes it may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (Fed. R. Civ. P. 12(d)).

4. Bernhoft Defendants' Motion to Dismiss (Doc. 44)

The Bernhoft Defendants filed their motion to dismiss arguing that the First, Second, Third, and Seventh causes of action against them should be dismissed. Specifically, they contend that (1) the claims arising from the Deep Rock settlement and Semper Libera are barred by the statute of limitations; (2) the claims based on allegations of deficient performance related to tax issues are barred by the doctrine of issue preclusion; and (3) the cause of action contained

in Count Seven should be dismissed because attorneys are not subject to the Illinois Consumer

Fraud Act.  The Court will consider each argument in turn.

> a.   Statute of Limitations Claims

In Count One, Plaintiffs allege the Bernhoft Defendants were negligent for failing to file

a complaint against Fieber and Woodcock prior to the expiration of the statute of limitations

period.  Plaintiffs further allege the Bernhoft Defendants failed to timely file a complaint to

recover damages related to their investment in Semper Libera and they negligently failed to

supervise and retain satisfactory replacement accounting services or review the Accounting

Defendants' work.

> Under Illinois law
>
> [a]n action for damages based on tort, contract, or otherwise (i) against an
> attorney arising out of an act or omission in the performance of professional
> services . . . must be commenced within 2 years from the time the person bringing
> the action knew or reasonably should have known of the injury for which
> damages are sought.

735 ILCS 13-214.3(b).  Subsection 13-214.3(b) "incorporated the 'discovery rule,' which serves

to toll the limitations period to the time when the plaintiff knows or reasonably should know of

his or her injury."  *Snyder v. Heidelberger*, 953 N.E.2d 415, 418 (Ill. 2011).

> i.   Fieber and Woodcock Claim

First, the Court will address whether the statute of limitations bars the Plaintiffs' claim

against the Bernhoft Defendants for failing to file a claim against attorneys Fieber and

Woodcock before the statute of limitations had run.  The Plaintiffs' complaint itself indicates that

the Plaintiffs knew that the Bernhoft Defendants were fraudulently trying to use the "discovery

rule" to bypass the statute of limitations requirement.  The complaint even indicates that

Plaintiffs threatened to inform the judge of the attorneys' "negligent behavior" and "they would

not lie to protect [the Attorney Defendants]."  Despite the knowledge that the affidavit contained false allegations concerning the discovery of Fieber and Woodcock's negligent performance, Mr. Hassebrock signed that affidavit on May 8, 2008, in an effort to work with the attorneys to save his claim.  Based on the face of the Plaintiffs' complaint combined with Mr. Hassebrock's state-court affidavit it is easy to conclude that Mr. Hassebrock knew of the Bernhoft Defendants' negligent behavior by at least May 8, 2008.  Plaintiffs thus had until May 8, 2010, to file a timely complaint.  Mr. Hassebrock, however, did not file his initial complaint until September 2, 2010. As such, the statute of limitations bars Plaintiffs' claims against the Bernhoft Defendants for failing to timely file claims against Fieber and Woodock.

ii.  Semper Libera Investment Claim

Next, the Bernhoft Defendants argue that the Semper Libera claim was not asserted in the original complaint and the allegations in the amended complaint do not relate back to the original complaint.  They do not argue that, had the claim been asserted in the original complaint, the Semper Libera claim would have been untimely.

Pursuant to Federal Rule of Civil Procedure 15(c), "[a]n amendment to a pleading relates back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back."  Here, because Illinois law provides the applicable statute of limitations, Illinois relation-back law is applicable.  Illinois law provides for relation back only when the following two requirements are met: "(1) the original complaint was timely filed, and (2) the amended complaint grew out of the same transaction or occurrence set forth in the original pleading."  *Henderson v. Bolanda*, 253 F.3d 928, 933 (7th Cir. 2001) (citing 735 ILCS 5/2-616(b)).  An amended complaint will generally relate back to the original complaint "if the factual situation upon which the action depends remains the same and has been brought to

8

defendant's attention by the original pleading." *Henderson*, 253 F.3d at 933 (citing 6A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Practice and Procedure Civil 2d*, § 1497 at 95 (1990)).

In considering Hassebrock's initial *pro se* complaint, the Court is mindful that "district courts have a special responsibility to construe *pro se* complaints liberally . . . ." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). Further, the Illinois Supreme Court has explained that courts should "liberally construe" Illinois' relation-back doctrine. *Porter v. Decatur Memorial Hosp.*, 882 N.E.2d 583, 590 (Ill. 2008). "[B]oth the statute of limitations and section 2-616(b) [of the relation-back doctrine] are designed to afford a defendant a fair opportunity to investigate the circumstances upon which liability is based while the facts are accessible." *Id.* The reasoning "behind the 'same transaction or occurrence' rule is that a defendant is not prejudiced if 'his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him.'" *Id.* (quoting *Boatmen's National Bank*, 656 N.E.2d 1101, 1107 (Ill. 1995)).

In his original *pro se* complaint, Hassebrock alleged as follows:

> Hassebrock also had an investment in a company called Semper Libera from Canada. Hassebrock had lost all of his investment with that company. Bernhoft also said he would recover that loss and that he would be knocking on their doors.

Doc. 1, p. 7. This portion of Hassebrock's *pro se* complaint coupled with his allegations of malpractice were sufficient to put the Bernhoft Defendants on notice that Hassebrock's cause of action involved their alleged failure to investigate the Semper Libera claim. The fact that Hassebrock did not mention the Semper Libera claim in a separate count is irrelevant especially considering this Court's duty to liberally construe his *pro se* complaint. Further, the alleged harm arising from the Semper Libera claim arose from the same transaction or occurrence which

9

involved the retention of the Bernhoft Defendants to represent Hassebrock for the enumerated matters. As such, the Court finds the Mr. Hassebrock asserted his claim involving the Semper Libera investment in his original complaint. Alternatively, the Semper Libera claim relates back to Hassebrock's original complaint.

> b. Issue Preclusion of Tax Issues

The Bernhoft Defendants ask the Court to dismiss any cause of action related to Hassebrock's income tax conviction. Earlier in this case Judge Stiehl concluded that Mr. Hassebrock's willfulness in committing tax evasion and failing to file his tax return was precluded by his criminal trial. Specifically, Judge Stiehl noted that the element of willfulness was an element found by the jury in the criminal trial and therefore precluded Hassebrock's fraud claim in this case. Judge Stiehl's order, however, did not specify whether this finding applied only to the 2004 tax year or whether it applied to all three years of 2003 through 2005.

Mr. Hassebrock's indictment was only for his conduct pertaining to tax year 2004. However, at sentencing, Judge Reagan included the years 2003 and 2005 in Mr. Hassebrock's relevant conduct.[4] At sentencing, Judge Reagan explained as follows:

> . . . for the years 2003, 2004, 2005, Mr. Hassebrock and his wife each earned reported income but failed to file income tax returns. During these years, they participated in the redemption theory, filed frivolous documents, falsely claimed to be of Native American descent. He and his wife also attempted to pay their tax liability with worthless sight drafts.

> His guideline imprisonment range is computed on his tax liability for not reporting his income in 2003, 4, 5, as well as his wife's tax liability for the same years as the conduct was considered jointly undertaken criminal activity.

Doc. 56-3. Plaintiffs argue that preclusion only applies to the year 2004 for which Mr. Hassebrock was indicted. The Bernhoft Defendants argue that Mr. Hassebrock's sentence was

---

[4] Under the United States Sentencing Guidelines, relevant conduct is defined as acts that were "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2).

based on his relevant conduct which included the years 2003, 2004, and 2005, and thus preclusion applies to all three years.

Under the doctrine of collateral estoppel, also known as issue preclusion, when a question is actually and necessarily decided by a court of competent jurisdiction, that decision is conclusive in all subsequent litigation involving a party to the prior litigation. *See Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir.2000). To establish collateral estoppel, the following four elements must be present: (1) the issue must be the same as that involved in the prior action, (2) the issue must have been actually litigated in the prior action, (3) its determination must have been necessary to the final judgment in the prior action, and (4) the party against whom estoppel is invoked must have been fully represented in the prior action. *H-D Mich., Inc. v. Top Quality Serv., Inc.*, 496 F.3d 755, 760 (7th Cir. 2007); *Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994).

Few courts have considered the preclusive effect of facts found at sentencing. In *S.E.C. v. Monarch Funding Corp.*, the Second Circuit declined to adopt a *per se* rule barring the preclusive effect of factual findings at sentencing. 192 F.3d 295 (2d Cir. 1999). The court noted two reasons against applying preclusive effect to sentencing findings. *Id.* First, applying issue preclusion to sentencing findings may be unfair because a civil trial may provide greater procedural opportunities, such as more intensive discovery, than a defendant receives at sentencing. *Id.* Second, the incentive to litigate an issue at a sentencing hearing may not be as great as it is at a civil trial. *Id.* Ultimately, the court concluded that

> precluding relitigation on the basis of such findings should be presumed improper. While we do not foreclose the application of the doctrine in all sentencing cases, we caution that it should be applied only in those circumstances where it is clearly fair and efficient to do so.

*Id.* at 306.

The Court agrees with the Second Circuit's conclusion that applying preclusive effect to findings of fact at sentencing may not always be fair.  Here, Bernhoft Defendants have failed to establish that it would be clearly fair and efficient to apply preclusive effect to the factual findings at Mr. Hassebrock's sentencing, and the Plaintiffs have pleaded a claim that is plausible on its face.  As such, the Court will not expand Judge Stiehl's finding of preclusion beyond the year 2004, which is the date included within Mr. Hassebrock's indictment.

       c.   Illinois Consumer Fraud Act Claim

Finally, the Bernhoft Defendants argue that Count Seven must be dismissed because the Illinois Consumer Fraud Act does not provide a cause of action for former clients against their former attorneys for an act or omission arising out of the attorney-client relationship.  Plaintiffs concede as much in their response, but state they "reserve the right to amend . . . ."  Doc. 52, p. 8.

> In *Cripe v. Leiter*, the Illinois Supreme Court concluded
>
> that the legislature did not intend the Consumer Fraud Act to apply to regulate the conduct of attorneys in representing clients.  We hold that, where allegations of misconduct arise from a defendant's conduct in his or her capacity as an attorney representing a client, the Consumer Fraud Act does not apply.

703 N.E.2d 100, 107 (Ill. 1998).  Accordingly, Plaintiffs' Illinois Consumer Fraud Act claim against the Bernhoft Defendants fails and the Court grants the Bernhoft Defendants' motion to that extent.

     5.   Brewer's Motion to Strike and  Dismiss (Doc. 61)

Brewer filed his motion to strike and dismiss.  His motion simply adopts the Bernhoft Defendants issue preclusion arguments.  Specifically, he seeks to dismiss Plaintiffs' complaint to the extent is related to Mr. Hassebrock's income tax-related convictions.  The Court denies

Brewer's motion to dismiss for the same reason it denied the portion of the Bernhoft Defendants'
motion to dismiss arguing these issues should be precluded.

6.   Noggle Defendants' Motion to Dismiss (Doc. 63)

The Noggle Defendants filed their motion to dismiss claiming that (1) the causes of
action against the Noggle Defendants are barred by collateral estoppel, (2) the complaint fails to
state a cause of action against the Noggle Defendants for negligence or breach of contract, (3)
Noggle did not owe a fiduciary duty to Plaintiffs, (4) the negligent misrepresentation claim fails
because Noggle did not owe Plaintiffs a duty, (5) the complaint fails to allege facts supporting an
aiding and abetting claim, (6) the request for attorney's fees should be stricken, and (7) punitive
damages should be stricken.   The Court rejects the collateral estoppel argument for the same
reason it rejected the Bernhoft Defendants' collateral estoppel argument.   The Court will
consider the remaining arguments in turn.

a.   Negligence Claim

In order to state a professional negligence claim, a plaintiff must allege "(1) the existence
of a professional relationship, (2) a breach of duty arising from that relationship, (3) causation,
and (4) damages."   *SK Partners I, LP v. Metro Consultants, Inc.*, 944 N.E.2d 414, 416 (Ill. App.
Ct. 2011).   Under Illinois law, "[a]n attorney or an accountant owes a duty to a third party only
where hired by the client specifically for the purpose of benefitting the third party."   *Kopka v.
Kamensky & Rubenstein*, 821 N.E.2d 719, 723 (Ill. App. Ct. 2004).   To survive a motion to
dismiss, the non-client third party must allege "that the primary intent of the client was for the
professional services to benefit or influence the third party."   *Id*. at 723-24.

Here, Plaintiffs have alleged that Noggle was retained by Bernhoft for the purpose of
completing the Plaintiffs' tax returns.   Under this arrangement, it is obvious that the primary

purpose of Noggle was to benefit the Plaintiffs.  Plaintiffs alleged the Noggle Defendants breached that duty by making errors on the tax returns including "incorrectly categoriz[ing] the Deep Rock settlement in the 2004 return as a 'land settlement,' when in fact it was an oil field settlement,' and "fail[ing] to include numerous authorized deductions, misstated earnings . . . ." Doc. 39, p. 7.  Plaintiffs allege causation and damages by alleging that the Noggle Defendants' acts "damaged the [Plaintiffs] and further caused them to incur tens of thousands of dollars in additional accounting and attorney's fees . . . ."  Doc. 39, p. 10.  Accordingly, Plaintiffs have stated a claim against the Noggle Defendants that is plausible on its face.

> b.  Breach of Contract Claim

The Plaintiffs' first cause of action alleges negligence against the Noggle Defendants, among other defendants in this case.  The Noggle Defendants argue this claim must be dismissed because Plaintiffs fail to allege they were third-party beneficiaries or had a direct relationship with the Noggle Defendants.

Pursuant to Illinois law, a plaintiff must allege the following elements to state a breach of contract claim: "(1) a valid and enforceable contract existed; (2) the plaintiff performed according to the contract (3) the defendant breached the contract; and (4) the breach resulted in damages." *Zurich Capital Markets, Inc. v. Coglianese*, 332 F. Supp. 2d 1087, 1122 (N.D. Ill. 2004) (citing *D.S.A. Fin. Corp. v. County of Cook*, 801 N.E.2d 1075, 1078 (Ill. 2003)).  A third party may bring a breach of contract claim if the contract was entered into for the purpose of directly benefitting that third party.  *Industrial Hard Chrome, Ltd. v. Hetran, Inc.*, 64 F. Supp 2d 741, 745 (N.D. Ill. 1999) (citing *F.W. Hempel & Co., Inc. v. Metal World, Inc.*, 721 F.2d 610, 613 (7th Cir. 1983)).  "A party is a 'direct' beneficiary – and therefore a third-party beneficiary

to the contract – if the parties to the agreement manifested an intent to confer a benefit upon that third party." *Industrial Hard Chrome, Ltd.*, 64 F. Supp. 2d at 744.

Here, Plaintiffs have pled that the Bernhoft Defendants entered into a contract with Noggle for the purpose of preparing the Plaintiffs' tax returns. This allegation is sufficient to establish that the purpose of the contract was to directly benefit Plaintiffs and Noggle knew the contract was for the purpose of benefitting the Plaintiffs. Plaintiffs further alleged Noggle breached the contract when he made mistakes on the tax return documents. That breach, as alleged by Plaintiffs, caused Plaintiffs damages in that they paid for additional services as a result. Accordingly, Plaintiffs' allegations put the Noggle Defendants on notice of the nature of their claim and are sufficient to survive a motion to dismiss.

### c. Breach of Fiduciary Duty Claim

The Noggle Defendants next argue that Plaintiffs' breach of fiduciary duty claim contained in Count Four should be dismissed because the Plaintiffs failed to allege Noggle owed Plaintiffs a fiduciary duty. To survive a motion to dismiss, "[a] claim 'for breach of fiduciary duty must set forth . . . that a fiduciary relationship existed between the parties, that the trustee owed certain, specific duties to the plaintiff, that the trustee breached those duties, and that there were resulting damages.'" *Adams v. Catrambone*, 359 F.3d 858, 866 (7th Cir. 2004) (quoting *Chi. City Bank & Trust Co. v. Lesman*, 542 N.E.2d 824, 826 (1989)). Under Illinois law, "for a nonprivity third party to hold an accountant liable, the party must show that the client intended for the accountant's work to benefit or influence the third party and that the accountant had knowledge of that intent." *Kopka v. Kamensky & Rubenstein*, 821 N.E.2d 719, 727 (Ill. App. Ct. 2004).

Here, Plaintiffs' alleged that "as a result of the accounting Defendants' superior expertise as CPAs and accounting firms with years of experience, a fiduciary relationship existed between the parties." Doc. 39, p .14. It is clear from the complaint that the Bernhoft Defendants engaged Noggle for the purpose of preparing Plaintiffs' tax returns and Noggle was aware of that purpose. Plaintiffs further allege that they relied on the expertise of the accountants, Noggle breached that duty by preparing a deficient tax return, and Plaintiffs suffered damages to the extent the Attorney Defendants had to seek and the Plaintiffs ultimately paid for further tax preparation services. As such, Plaintiffs' breach of fiduciary duty claim against the Noggle Defendants is sufficient to survive a motion to dismiss.

### d.  Negligent Misrepresentation Claim

The Noggle Defendants argue that Plaintiffs' negligent misrepresentation claim should be dismissed because the Noggle Defendants did not owe a duty to Plaintiffs and Plaintiffs failed to allege the Noggle Defendants caused damages to Plaintiffs. The Court has already explained in this order that Plaintiffs sufficiently alleged a duty and damages. As such, Plaintiffs have sufficiently alleged a claim for negligent misrepresentation against the Noggle Defendants.

### e.  Aiding and Abetting

Next, the Noggle Defendants argue that Plaintiffs failed to state a claim for aiding and abetting. To state a claim for aiding and abetting under Illinois law, Plaintiffs must allege "(1) the party whom the defendant aids performed a wrongful act causing an injury, (2) the defendant was aware of his role when he provided the assistance, and (3) the defendant knowingly and substantially assisted the violation." *Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006) (citing *Thornwood, Inc. v. Jenner & Block*, 799 N.E.2d 756, 767 (Ill. 2003)). Here, Plaintiffs have failed to allege anything more than a formulaic recitation of the elements of aiding abetting.

Specifically, Plaintiffs have failed to alleged facts suggesting that Noggle was aware of his role

in the alleged wrongful act when he provided assistance to the Attorney Defendants or that

Noggle knowingly and substantially assisted in any violation.  The allegations suggest no more

than the preparation of a deficient tax return.  As such, Plaintiffs' aiding and abetting claim

against the Noggle Defendants simply fails to raise a right to relief beyond the speculative level.

Accordingly, the Court dismisses without prejudice the aiding and abetting claim against the

Noggle Defendants.

### f.   Attorney's Fees

The Noggle Defendants argue that Plaintiff's request for attorney's fees must be

dismissed because there is no appropriate basis for the award of attorney's fees based on

Plaintiffs' causes of action.  "Illinois generally follows the 'American Rule': absent statutory

authority or a contractual agreement between the parties, each party to litigation must bear its

own attorney fees and costs, and may not recover those fees and costs from an adversary."

*Morris B. Chapman & Assoc., Ltd. v. Kitzman*, 739 N.E.2d 1263, 1271 (Ill. 2000).  Plaintiffs

have failed to assert any specific statutory or contractual basis to support an award of attorney's

fees in this case.  Because Plaintiffs have failed to allege a legal basis for their claim for

attorney's fees, the Court strikes Plaintiffs' request for attorney's fees.

### g.   Punitive Damages

Finally, the Noggle Defendants argue the Plaintiffs' prayer for punitive damages should

be stricken because Plaintiffs fail to allege the Noggle Defendants' actions were intentional or

reckless.  Illinois law recognizes punitive damages "only 'where the alleged misconduct is

outrageous either because the acts are done with malice or an evil motive or because they are

performed with a reckless indifference toward the rights of others.'  *Parks v. Wells Fargo Home*

*Mortg., Inc.*, 398 F.3d 937, 942 (7th Cir.2005) (citing *Smith v. Prime Cable of Chi.*, 658 N.E.2d 1325, 1336 (Ill. App. Ct. 1995)); *accord Doe v. Chand*, 781 N.E.2d 340, 349 (Ill. App. Ct. 2002) ("Punitive damages are warranted where an otherwise negligent act is accompanied by outrageous conduct or acts committed with malice or reckless indifference to the rights of others."). The allegations pertaining to the Noggle Defendants simply state that Noggle improperly prepared Plaintiffs' tax returns. Plaintiffs have failed to allege that any of Noggle's conduct was outrageous or would arise to a level sufficient to support an award of punitive damages. Accordingly, the Court strikes Plaintiffs' request for punitive damages to the extent Plaintiffs seek punitive damages against the Noggle Defendants.

7. Barnes' Motion to Dismiss (Doc. 92)

Defendant Barnes argues that the claims against him should be dismissed because Barnes was merely an agent of Bernhoft. As such, Barnes argues he cannot be held liable for the Bernhoft Defendants' actions. Alternatively, Barnes argues the complaint should be dismissed because all causes of actions are barred by the statute of limitations, the causes of actions arising from Plaintiffs' criminal representation are barred by issue preclusion, and a former client cannot bring a claim against an attorney under the Illinois Consumer Fraud Act. The Court will consider each argument in turn.

a. Agent Argument

First, Barnes argues the complaint must be dismissed because Plaintiffs merely allege Barnes was an agent of the Bernhoft Defendants and allege no other facts pertaining to Barnes. In support of this argument, Barnes refers this Court to an order from the Western District of Texas in which the Court dismissed Barnes from a malpractice claim because the plaintiff in that case only alleged that Barnes was a partner of the Bernhoft Law Firm. *See Davis v. Bernhoft, et*

*al.*, Case No. A-13-CA-354-SS, Doc. 46 (W.D. Tex. Nov. 11, 2013). Here, however, Plaintiffs did not merely allege Barnes was Bernhoft's agent. Rather, Plaintiffs' allege that Barnes committed the acts alleged and includes Barnes with the "Attorney Defendants." As such, the complaint is facially sufficient, and the Court denies Barnes' motion in that respect.

        b.   Statute of Limitations

This Court already concluded that the statute of limitations barred Plaintiffs' claims against the Bernhoft Defendants for any claim arising out of the failure to file a timely claim against Fieber and Woodcock. For those same reasons, the Court grants Barnes' motion to dismiss to the extent he argues the statute of limitations bars a claim against him for failing to timely file a claim against Fieber and Woodcock.

        c.   Issue Preclusion

Barnes next argues Plaintiffs' complaint should be dismissed to the extent it is based on allegations of deficient performance relating to Plaintiffs' criminal tax investigation. As explained earlier in this order, the Court will not at this time preclude any issues related to Plaintiffs' criminal tax representation beyond the year 2004, which was the year of which Mr. Hassebrock was convicted. Accordingly, Barnes' motion is denied in that respect.

        d.   Illinois Consumer Fraud Act

The Court dismisses the Illinois Consumer Fraud Act claim against Barnes for the same reason the Court dismissed that claim against the Bernhoft Defendants.

   8.  Barnes' Motion for Leave to File Supplemental Authority (Doc. 94)

In his motion for leave to file supplemental authority, Barnes seeks leave to file supplemental authority from the case *Davis v. Bernhoft, et al.*, Case No. A-13-CA-354-SS, Doc. 46 (W.D. Tex. Nov. 11, 2013). The Court has already considered that case and distinguished it

from the allegations in the instant complaint.  As such, the Court denies as moot Barnes' motion

for leave to file supplemental authority.

    9.  Bernhoft Defendants' Appeal of the Magistrate Judge's Order (Doc. 110)

    Finally, the Bernhoft Defendants filed an appeal of Magistrate Judge Wilkerson's order

denying their second motion to stay discovery pending this Court's ruling on their dispositive

motions.  As the Court has now ruled on all outstanding dispositive motions, the Court denies as

moot the Bernhoft Defendants' appeal.

    10. Conclusion

    For the foregoing reasons, the Court

- **DENIES** Plaintiffs' motion to strike (Doc. 57);

- **GRANTS in part and DENIES in part** the Bernhoft Defendants' motion to
  dismiss (Doc. 44).  Specifically, the Court grants the motion to the extent it
  dismisses any claims against the Bernhoft Defendants for (1) failure to timely file
  a claim against Fieber and Woodock; and (2) violation of the Illinois Consumer
  Fraud Act.  The Court denies the motion to dismiss to the extent the Court finds
  (1) the Semper Libera claim relates back to the original complaint; and (2) issue
  preclusion does not preclude issues related to years other than 2004;

- **DENIES** Brewer's motion to strike and dismiss (Doc. 61);

- **GRANTS in part and DENIES in part** the Noggle Defendants' motion to
  dismiss (Doc. 63).  Specifically the Court grants the motion to the extent it
  dismisses the aiding and abetting claim against the Noggle Defendants, strikes the
  request for attorney's fees, and strikes the request for punitive damages.  The

Court denies the motion with respect to the negligence claim, breach of contract claim, fiduciary duty claim, negligent misrepresentation claim;

- **GRANTS in part and DENIES in part** Barnes' motion to dismiss (Doc. 92). Specifically, the Court grants the motion to the extent it dismisses (1) the negligence claim based on the failure to timely file a claim against Fieber and Woodcock and (2) the Illinois Consumer Fraud claim.  The Court denies the motion to the extent it finds (1) Plaintiffs did not merely allege Barnes was an agent of the Bernhoft Defendants and (2) issue preclusion does not apply beyond tax year 2004;

- **DENIES** Barnes' motion for leave to file supplemental authority (Doc. 94); and

- **DENIES as moot** the Bernhoft Defendant's appeal of the magistrate judge's denial of their second motion to stay discovery (Doc. 110).

Subsequent to this order, the following claims remain pending:

- Count One: Negligence claim against all defendants with the exception of any claim regarding the failure to timely file a complaint against Fieber and Woodcock;

- Count Two: Breach of Contract claim against all defendants with the exception of any claim regarding the failure to timely file a complaint against Fieber and Woodcock;

- Count Three: Legal Malpractice claim against the Attorney Defendants with the exception of any claim regarding the failure to timely file a complaint against Fieber and Woodcock;

- Count Four: Breach of Fiduciary Duty claim against the Accounting Defendants;

- Count Five: Negligent Misrepresentation claim against the Accounting Defendants; and

- Count Six: Aiding and Abetting Claim against the Accounting Defendants except the Noggle Defendants.

**IT IS SO ORDERED.**

**DATED:** May 2, 2014

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**