IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ORVIL DUANE HASSEBROCK and EVELYN HASSEBROCK,<br><br>    Plaintiffs,<br><br>v.<br><br>ROBERT G. BERNHOFT, THE BERNHOFT LAW FIRM, SC, ROBERT BARNES, JOHN C. NOGGLE, TIM D. BREWER, and JOHN C. NOGGLE, INC.,<br><br>    Defendants. | Case No. 3:10-cv-679-JPG-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are a number of Motions that were the subject of an in-person discovery dispute conference held on May 14, 2014. At the conference, Plaintiff appeared by counsel, D. Craig Hughes, and Defendants Robert G. Bernhoft and The Bernhoft Law Firm, SC ("Bernhoft Defendants), also appeared by counsel, Daniel J. Trueden. No other party appeared (the disputes did not involve other parties and they were each excused from attending). For the reasons set forth at the hearing and below, the following is hereby **ORDERED**:

1. The Motion to Vacate the Settlement Conference (ECF 106) filed by the Bernhoft Defendants is **GRANTED IN PART**. The Bernhoft Defendants indicate that a settlement conference with respect to the claims against them would be futile. Accordingly, they are not required to attend the settlement conference set for June 17, 2014. However, Plaintiffs and the remaining Defendants shall appear.

2. The Motion to Disclose Expert Witness without Report (ECF 120) and Motion for

Extension of Time to Complete Discovery and Extend Deadline for Expert's Rule 26 Report (ECF 154) filed by Plaintiff are **DENIED**.  In both of these Motions, the first filed before and the second filed after the May 10, 2014 discovery deadline, Plaintiffs seek to disclose their expert without the necessary report, as required by Federal Rule of Civil Procedure 26(a)(2)(B).

In this particular matter, the Court did not enter a scheduling order that would set forth the deadlines for disclosing and deposing expert witnesses.  Instead, this Court merely set forth a discovery deadline.  Rule 26(a)(2)(D)(i) provides that expert disclosures (which includes a report) must be produced "at least 90 days before the date set for trial or for the case to be ready for trial" unless the Court sets forth a different deadline (or there is a stipulation by the parties).  The presumptive trial month in this matter is September, 2014.   Ninety days prior to that month is June 3, 2014.   Plaintiffs indicate that they will serve the expert report by the end of May, 2014.

The Local Rules of this Court provide, however, that <u>all</u> discovery shall be concluded within 115 days prior to the first day of the presumptive trial month (i.e. May 10, 2014).  *See* Local Rules, Timetable and Deadlines Under Federal Rules and Civil Justice Reform Act.   With respect to the practices of this Court, Plaintiffs generally disclose their experts first and then Defendants disclose their experts.   After these disclosures, the depositions of experts are taken. In general, the time period for expert disclosures spans four months, from the date the Plaintiff's expert is disclosed to the date that Defendant's expert is deposed.

Plaintiffs first sought "permission" to name an expert, without providing a report, in a Motion dated April 9, 2014 – prior to the discovery cut-off but not within the practical deadline for Plaintiffs' expert disclosure (ECF 120).   The purported reason for this procedure was the Internal Revenue Services' delay in providing "transcripts for tax years 1994-2008."   While these transcripts may be necessary for an expert report, Plaintiffs do not elaborate as to the necessity of

2

the transcripts. Plaintiff also represented that the reports would be prepared "well before the discovery cutoff." The reports were not served before the discovery cutoff; and, in fact, Plaintiffs seek an extension of the expert disclosure deadline (ECF 154).

In this second motion, Plaintiffs seek an extension for "good cause shown" and note the "unforeseen and unexpected delay in providing an expert report." At this point in the litigation, however, good cause is insufficient; instead, Plaintiffs must show excusable neglect. Fed.R.Civ.P. 6(b). In their motion, Plaintiffs indicate that there are voluminous documents that required review. This is not extraordinary. At the hearing, Plaintiffs changed tact and indicated that the reason why expert disclosure is delayed is because of financing: they couldn't afford an expert. This also does not show excusable neglect. The discovery deadline in this matter was set on January 17, 2014 – at that time Plaintiffs should have determined their ability to retain an expert, not on the eve of the discovery deadline. For these reasons, the deadline for disclosing experts will not be extended.

3. The Motion to Compel (ECF 122) filed by the Bernhoft Defendants is **GRANTED IN PART** and the additional Motions to Compel (ECF 129 and 148) are **GRANTED**. These discovery requests were made prior to the discovery cutoff and seek documents related to Plaintiff's criminal tax case, the Semper Libera investment, the Lost Fork Trust I, files maintained by Plaintiff's criminal defense attorney, Daniel Goggin, and bank account and investment account statements from 1998 to the present. Plaintiffs state that they have given Defendants all documents in their possession with respect to the Semper Libera investments and the criminal tax case. As to the Lost Fork Trust I, Plaintiffs state that these documents are irrelevant. The Court finds that they are relevant in determining mitigation of damages (which include payment of interest and penalties to the IRS) and because the trust was used to evade paying taxes. Plaintiffs further argue

that because Defendants were not retained until 2005, bank/investment statements from 1998 are not relevant. Again, these documents may be relevant to the issue of mitigation; however, Plaintiffs shall only be required to produce documents from 2000 to the present.

Therefore, Plaintiffs are **ORDERED** to turn over to Defendants any documents in their possession or control related to the Semper Libera investment, Plaintiff's criminal tax case, and the Lost Fork Trust I by **May 30, 2014**. Plaintiffs are further **ORDERED** to produce to Defendants any bank or investment/brokerage statements for accounts which they own, control, or have access to by **May 30, 2014**. Finally, Attorney Goggin is hereby **ORDERED** to provide Defendants with the entire case file, including all work product, communications, documents, or other materials related to his representation of Orvil Duane Hassebrock in the case styled: *United States of America v. Orvil Duane Hassebrock*, Case No. 09-cr-30080 (S.D. Ill.). Again, Plaintiffs have placed the circumstances related to his criminal case at issue in his complaint and they are central to defenses and damages.

4. The Motion for Relief from the April 16, 2014 Order (ECF 133) and the Motion to Stay (ECF 135) filed by Plaintiffs are **DENIED**. This Court does not find that any of the factors contained in Rule 60(b) would necessitate reconsidering the April 16, 2014 Order. The Court finds that Plaintiff's criminal tax evasion case and the representation therein are intertwined and relevant to the claims and defenses in this pending matter.

5. Plaintiffs have withdrawn the Motion to Compel (ECF 134). It is accordingly **DENIED AS MOOT**.

6. Plaintiffs' Motion to Clarify (ECF 144) is **DENIED AS MOOT**.

7. The requests for sanctions and attorney fees contained in Plaintiffs' Motion for Sanctions (ECF 131) and Defendants' Motion (ECF 122) are **DENIED**. Each party has engaged in actions

that could have been avoided had the parties contacted chambers to schedule a discovery dispute conference. Such a conference would have obviated the need to file Motions and strain judicial (and the parties') resources. No sanctions or attorney fees will be issued at this time. The Court suggests that the parties attempt to cooperate and that, in the event that cooperation is not possible, they immediately contact the Court for a resolution of any further discovery disputes. As indicated at the hearing, Mr. Bernhoft shall make himself available for a deposition to occur on **May 23, 2014** in Austin, Texas (either at his offices or the offices of the court reporter, or at another mutually convenient location). If this date is unworkable, the parties may agree on another date; barring any such agreement, the parties should contact chambers if there is a dispute as to the timing of the deposition.

In summary:

1. The Motion to Vacate (ECF 106) is **GRANTED IN PART.**
2. The Motion to Disclose Expert Witness without Report (ECF 120) is **DENIED**.
3. The Motion to Compel (ECF 122) is **GRANTED IN PART and DENIED IN PART**
4. The Motion to Compel (ECF 129) is **GRANTED**.
5. The Motion for Sanctions (ECF 131) is **DENIED**.
6. The Motion for Relief (ECF 133) is **DENIED**.
7. The Motion to Compel (ECF 134) is **DENIED AS MOOT**.
8. The Motion to Stay (ECF 135) is **DENIED**.
9. The Motion to Clarify (ECF 144) is **DENIED AS MOOT**.
10. The Motion to Compel (ECF 148) is **GRANTED**.
11. The Motion for Extension of Time (ECF 154) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 15, 2014**

                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**